## SKOVGAARD v. UNITED STATES.

### No. 11327.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 29, 1952.

Decided Feb. 5, 1953.

Claude L. Dawson, Washington, D. C., for appellant.

Thomas E. Walsh, Attorney, Department of Justice, Washington, D. C., with whom Charles M. Irelan, U. S. Atty., and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., when the brief was filed, were on the brief, for appellee.

Before EDGERTON, WILBUR K. MIL-LER, and BAZELON, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant's amended complaint alleges that Harvey Skovgaard, a partly disabled Navy Veteran, on January 29, 1947 applied for a $9000 National Service Life Insurance policy and tendered the premium; that the Veterans' Administration failed or refused to issue the policy; and that under the National Service Life Insurance Act as amended Skovgaard "was automatically granted * * * [a] policy, although in fact said policy was never delivered to him." The complaint does not allege that the Veterans' Administration accepted the premium or promised to issue the policy. Skovgaard died, and appellant brought this suit to recover the amount of the insurance he had applied for. At the conclusion of appellant's evidence the District Court directed the jury to return a verdict for the United States.

The National Service Life Insurance Act as amended, 38 U.S.C.A. §§ 801 et seq., 54 Stat. 1008 et seq., provides in § 817, 54 Stat. 1014, as amended, 60 Stat. 788–789, that "In the event of disagreement as to any claim arising under this chapter, suit may be brought in the same manner and subject to the same conditions and limitations as are applicable to the United States Government life (converted) insurance under the provisions of sections 445 and 551 of this title." Section 551 has no bearing on this case. 38 U.S.C.A. § 445, 46 Stat. 992 as amended, provides that "In the event of disagreement as to claim, including claim for refund of premiums, *under a contract of insurance* between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States * * *." (Emphasis added.)

The statement in the complaint that Skovgaard "was automatically granted" a policy is not a statement of fact. It is a conclusion of law, and an erroneous one. The facts that are alleged in the complaint do not indicate that a contract of insurance

was entered into. They indicate the contrary. The point is not merely that no policy was issued. The point is that the Veterans' Administration did nothing that showed an intent to contract. The complaint therefore does not state a "claim * * * under a contract of insurance". It states, at most, a claim that the Veterans' Administration ought to have entered into a contract of insurance. Since the United States has not consented to be sued on such a claim, we think the complaint should have been dismissed for lack of jurisdiction.

The United States was the only defendant and is the only appellee. There is therefore no occasion to consider whether, when, or by whom a suit against a government official to require him to enter into a contract of insurance might have been maintained.

Remanded with directions to dismiss the complaint.

WILBUR K. MILLER, Circuit Judge. (dissenting).

The practical result of the majority decision is, of course, that Mrs. Skovgaard was not entitled to recover. I agree with that result, but I disagree sharply with my brothers' reason for reaching it. My opinion is that the District Court was correct in denying the motion to dismiss the complaint and that it was also correct in directing a verdict for the government, and so I would affirm. I think the majority, in holding it was error to deny the government's motion to dismiss, take a view of the complaint and of the applicable statute which is much too narrow. The importance of the question and the probability that similar cases may arise cause me to feel justified in stating the reasons for my conclusions.

Harvey Skovgaard served in the United States Navy from July 16, 1940, until he was discharged April 28, 1945, because he had contracted chronic nephritis. While in the service he applied for and was granted life insurance in the sum of $1,000 under the National Service Life Insurance

Act of 1940.[1] On January 29, 1947, he filed a written application for insurance in the additional sum of $9,000, the remainder of the maximum protection permitted, and tendered two months' premiums thereon.

Skovgaard entered a government hospital February 11, 1947, and was an ambulatory patient there until he died on May 6, 1947. His application for additional insurance had not been formally acted upon by the Veterans Administration before death occurred, but was rejected thereafter. A policy was never issued.

After the appellant's claim for death benefits, as the beneficiary designated in the application, had been administratively denied, she filed this suit against the United States to recover the proceeds of the insurance for which her husband had applied and to which she alleged he was entitled. In filing his application, the veteran was attempting to take advantage of a then recent amendment to the National Service Life Insurance Act, of which I quote the pertinent part:[2]

"* * * any individual who has had active service between October 8, 1940, and September 2, 1945, both dates inclusive, shall be granted such insurance upon application therefor in writing and upon payment * * * of premiums and evidence satisfactory to the Administrator showing such person to be in good health at the time of such application. In any case in which application for life or disability insurance * * * is made prior to January 1, 1950, the Administrator shall not deny, for the purposes of this section or sections 803–805, 806–818 of this title, that the applicant is in good health because of any disability or disabilities, less than total in degree, resulting from or aggravated by such active service. * * *"

It will be seen from the quoted section of the Act that insurance "shall be granted" to an individual (a) who was in active service between October 8, 1940, and September 2, 1945; (b) who applied there-

---

1. 38 U.S.C.A. § 801 et seq.

2. 38 U.S.C.A. § 802(c) (2).

for in writing; (c) who pays a premium thereon; and (d) who presents evidence satisfactory to the Administrator that he is in good health at the time of application.

The amended complaint, when liberally construed, showed (a) that Skovgaard was in active service between October 8, 1940, and September 2, 1945; (b) that he applied in writing for insurance in the sum of $9,000; (c) that he paid premiums thereon; and (d) that, although he was not actually in good health, the statute barred the Administrator from holding that he was not, because his disabilities, less than total in degree, resulted from or were aggravated by his active service, and his application was filed prior to January 1, 1950.

Accordingly I think the amended complaint should be read as alleging that Skovgaard had fully complied with the four requirements, after which the statute provides that the insurance applied for "shall be granted". Thus it was alleged that a contract of insurance came into being by the terms of the Act itself, even though the ministerial act of issuing a policy to evidence the insurance was never performed by the Administrator. The statute permits suit against the United States in the event of disagreement as to any claim under a *contract* of insurance.[3] The governmental consent to be sued is not limited to a suit on a policy. I think it is wrong to regard a physical policy as the only contract of insurance upon which suit may be maintained and, as I have shown, the amended complaint in this case sufficiently pleaded the existence of a contract of insurance. This probably was the view of the learned district judge who denied the government's motion to dismiss. It was in keeping with a liberal construction of the complaint, and it was also in accord with the liberality of construction which should be given to the statute involved.[4]

For the reasons given, my opinion is a cause of action against the United States of the sort permitted by the statute was stated by Mrs. Skovgaard and that therefore the motion to dismiss was correctly denied.

Nevertheless, I think we should affirm the action of the District Court in directing a verdict for the government because Mrs. Skovgaard failed to prove her allegation—denied by the appellee—that her husband had complied with the fourth requirement of the statute. The only proof introduced by Mrs. Skovgaard as to the evidence submitted to the Administrator concerning the condition of the applicant's health on January 29, 1947, was that he filed the report of a medical examination made January 28, 1947, which disclosed chronic nephritis, albuminuria plus 4, a heart murmur and arteriosclerosis, and which contained no expression of opinion by the examiner as to whether the applicant was then partially or wholly disabled by his ailments. I cannot say it was arbitrary for the Administrator to conclude, with nothing before him except the medical examiner's report, that the conditions disclosed must have caused total disability.

The fact that the application was not rejected until nearly five months after filing and nearly two months after death may be thought to justify the suspicion that the rejection was based on hindsight. Whether so or not is immaterial, as the case turns on the sufficiency of the proof submitted to the Administrator.

3. 38 U.S.C.A. §§ 445 and 817. Cf. Unger v. United States, D.C.E.D.Ill.1948, 79 F. Supp. 281.

4. The Supreme Court said, in United States v. Zazove, 1948, 334 U.S. 602, 610

68 S.Ct. 1284, 1288, 92 L.Ed. 1601: "The statutory provisions, where ambiguous, are to be construed liberally to effectuate the beneficial purposes that Congress had in mind."