## ROWAN v. UNITED STATES.
### No. 11225.

United States Court of Appeals
Third Circuit.

Argued March 1, 1954.

Decided March 8, 1954.

Charles L. Casper, Wilkes-Barre, Pa., Fahey & Casper, Wilkes-Barre, Pa., on the brief), for appellant.

Herman S. Greitzer, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., J. Julius Levy, U. S. Atty., Scranton, Pa., Paul A. Sweeney, Attorneys, Department of Justice, Washington, D. C., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

PER CURIAM.

Plaintiff sued as beneficiary of a National Service Life Insurance Policy. In her reply she admitted that the policy had lapsed for non-payment of premium and that an application by the assured for its reinstatement had been rejected. The district court dismissed the action for lack of jurisdiction.

 The only authority in the National Service Life Insurance Act of 1940 as amended, to sue the United States is found in Section 617 thereof, 38 U.S.C.A. § 817. That section in turn expressly makes such suits subject to the provisions of Section 19 of the World War Veterans' Act, 38 U.S.C.A. § 445. The latter allows an action only where the insurance contract or policy is in

**238**

effect and as said in Meadows v. United States, 281 U.S. 271, 274, 50 S.Ct. 279, 280, 74 L.Ed. 852, "The right to reinstatement, when it exists flows from the statutory provision and not from any undertaking expressed in the contract of insurance." See also Taft v. United States, 2 Cir., 1942, 127 F.2d 876; United States v. Fitch, 10 Cir., 1950, 185 F.2d 471; Ginelli v. United States, D.C.D.Mass. 1950, 94 F.Supp. 874.

 Section 608 of the National Service Life Insurance Act, as amended in 1946, 36 U.S.C. Section 808, does not broaden the permission given by Section 455 to sue the United States so as to include an action on a lapsed policy. Mitchell v. United States, D.C.D.N.J. 1952, 111 F.Supp. 104, 107. The legislative history of the 1946 amendment confirms this conclusion. S.Rep. 1705, 79th Cong. 2nd Sess., pp. 9, 10; H.Rep. 2002, 79th Cong. 2nd Sess., pp. 10, 11.

The judgment of the district court will be affirmed.