Frederick Collins FERMIN, Appellant,

v.

ARMY BOARD FOR CORRECTION OF MILITARY RECORDS, Washington, D. C.,

and

Veterans Administration, San Francisco, California, Appellees.

No. 18184.

United States Court of Appeals Ninth Circuit.

Jan. 30, 1963.

Rehearing Denied Feb. 27, 1963.

Frederick Collins Fermin, in pro. per.

Cecil F. Poole, U. S. Atty., Robert S. Marder, Asst. U. S. Atty., San Francisco, Cal., for appellees.

BARNES, Circuit Judge.

In this action, appellant, in propria persona, attempts to appeal from the dismissal of a "Petition for a Writ of Mandate" in which the Army Board for Correction of Military Records, and the Veterans Administration are named as defendants.

■■ It will serve no purpose to remind petitioner that seldom can a layman adequately assume the role of lawyer. Here the appellant purports to appear in propria persona, not to represent himself, but to represent one Mrs. Apolonia Collins, mother of deceased veteran, Joe C. Collins, petitioner's uncle. Petitioner is not the proper party to maintain the action.[1] Defendants are not the proper parties to be sued. Blackmar v. Guerre, 1952, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534.

When defendants moved to dismiss the pending litigation, plaintiff filed an "Answer to Notice of Motion and Motion to Dismiss Complaint." In it is contained the following statement: "Plaintiff's final prayer is for the court to take this official answer as an amended complaint." No leave of court was obtained to file an amended complaint; no cause of action was stated in the purported amended complaint.

Appellant's uncle, Joe C. Collins, served in the United States Army from February 20, 1941, to November 6, 1941, when he was honorably discharged because of a medical diagnosis of epilepsy grand mal and various mental disorders. On the basis of this military service, appellant sought by his mandamus action in the court below to compel appellee Veterans Administration to award him retroactive compensation from November 7, 1941, until the date of Joe C. Collins' death on December 7, 1961, based on the

1. Appellant, subsequent to oral argument, calls this Court's attention to 38 U.S.C. §§ 3403 and 3404. Those sections refer only to recognition by the Administrator of the Veterans Administration with respect to proceedings before it; not to proceedings in the courts of the United States.

alleged total disability of Mr. Collins, and also appellant prayed that the "mother of Joe C. Collins be authorized a pension." Appellant further sought by his mandamus action to have the court below order appellee to pay appellant $10,000 in National Service Life Insurance benefits.

■ The records of appellee Veterans Administration (see copy of letter in the original transcript record from W. B. Bryan, Chief, Underwriting and Claims Division of the Veterans Administration Insurance Center, Philadelphia, Pennsylvania, to appellant dated January 24, 1962, and also a letter dated March 23, 1962, addressed to Mrs. Apolonia Collins, the widow of the late Joe C. Collins, then residing at the same address as appellant, from James W. Stephens, the Veterans Administration Regional Adjudication Officer) that Mr. Collins never applied for National Service Life Insurance and as to the claim for disability compensation, the Veterans Administration found that Mr. Collins was not eligible based on their findings of fact that the latter had no wartime service and had no compensable service-connected disability incurred in or aggravated during his peacetime enlistment. Therefore, said claim was disallowed and appellant was duly notified (see letters of Messrs. Bryan and Stephens, supra, found in the transcript of record).

Section 211 of Title 38 United States Code, is controlling.

"[T]he decisions of the Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision."

Cf. Klein v. Lee, 7 Cir., 1958, 254 F.2d 188, certiorari granted, 1959, 358 U.S. 645, 79 S.Ct. 536, 3 L.Ed.2d 568; Judgment vacated; case remanded and ordered dismissed as moot. Rehearing denied, 359 U.S. 962, 79 S.Ct. 799, 3 L.Ed.2d 769.

Appellant's claim for National Service Life Insurance benefits fails because no contract for National Service Life Insurance was ever applied for by Joe C. Collins, or created in any manner on his behalf.

The judgment of dismissal is affirmed.