Charles David SALYERS (Ellen S. Salyers, substituted as Appellant in the place of Charles David Salyers, Deceased), Appellant,

v.

UNITED STATES of America, Appellee.

No. 19800.

United States Court of Appeals Fifth Circuit.

Jan. 13, 1964.

Rehearing Denied Feb. 25, 1964.

L. Earl Curry and Curry & Shamas, Miami, Fla., for appellant.

Alan R. Rosenthal, Atty., Dept. of Justice, Washington, D. C., Alfred E. Sapp, Asst. U. S. Atty., Miami, Fla., Morton Hollander, John Edward Porter, Edward A. Groobert, Edward Berlin, Attys., Dept. of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., Edith House, U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, JONES, Circuit Judge, and JOHNSON, Jr., District Judge.

TUTTLE, Chief Judge.

Major Salyers, the original plaintiff in this action, was in active service in the United States Army and had National Service Life Insurance Policies with a total face value of $10,000 in force on June 10, 1952. On that date he filed an application for a total disability income provision to be added to his policies under 54 Stat. 1009 (1940), now 38 U.S. C.A. § 715. The check which he enclosed to cover the additional premium was cashed and the Veterans Administration acknowledged receipt of the check. The acknowledgment did not identify the purpose for which the payment was made but merely stated: "This remittance * * * will be applied to your account in accordance with the National Service Life Insurance Act of 1940, as amended, * * *."

The Veterans Administration later determined, on September 30, 1952, that Salyers was not in "good health satisfactory to the Administrator" as required by the governing statute at the time of the application; hence the disability income rider was not issued. Unfortunately, a letter advising Major Salyers that his application had been turned down was not mailed, or at least it was never received; checks sent in over the following months by Salyers to pay premiums on the disability income provisions were likewise received and cashed by the Veterans Administration. Each month the Veterans Administration sent the same form of acknowledgment.

It was not until May 29, 1953 that Major Salyers was actually informed for the first time that his application for the additional coverage had been denied. Then, on June 17, 1953, asserting that he had become totally disabled on the previous December 12th (1952), he filed a claim for waiver of premiums on his regular insurance polices, which contained clauses dispensing with premiums upon the insured's total disability, and for benefits on the total disability income provisions. The Veterans Administration finally agreed that he had become totally disabled on December 12, 1952, and refunded all the premiums he had paid on his regular life insurance since becoming disabled, in addition to offering to refund all premiums paid for on the disability income provision. The claim on that provision was, however, denied because the application had been disapproved. Salyers unsuccessfully appealed the ruling on the disability income riders to the Board of Veterans Appeals; he then instituted this suit seeking judgment for $50 per month for the rest of his life, commencing July 1, 1953, plus costs and attorney's fees. The court below denied relief and an appeal was taken, but Major Salyers died before we heard the case. His wife, Ellen S. Salyers, has been substituted as party-appellant as administratrix and we proceed to consider the issues involved.

The Government first asserts that the plaintiff should not prevail because Congress has not given consent to be sued in this situation; rather, the Government contends, it has provided that the decision of the Administrator of Veterans Affairs is to be final. The section dealing generally with decisions by the Administrator, 38 U.S.C.A. § 211(a), provides that such decisions are to be final and not reviewable, with certain exceptions, the only one relevant here being for suits as provided in 38 U.S.C.A. § 784. Thus, it is clear that the

Administrator's determination, even if erroneous, is not reviewable where it does not fit any of the exceptions. Sinlao v. United States, 106 U.S.App.D.C. 263, 271 F.2d 846 (1959). We therefore examine this controversy in light of § 784(a) to see if there is a "disagreement as to claim * * * under contract of National Service Life Insurance" between the Veterans Administration and Salyers; if there is, the district court has jurisdiction of this suit.

The Government contends that since the total disability income rider was never issued, there is no contract of disability insurance to which the district court could look for the necessary basis of jurisdiction. It is, of course, well settled that a request for new insurance does not qualify as a claim under contract of insurance. See Skovgaard v. United States, 92 U.S.App.D.C. 70, 202 F.2d 363, cert. denied, 345 U.S. 994, 73 S.Ct. 1134, 97 L.Ed. 1401; Burlingham v. United States, 34 F.2d 881 (8th Cir.). And suits for reinstatement of policies have been held not to satisfy the requirements for jurisdiction under § 784(a) and its predecessors. E.g., Meadows v. United States, 281 U.S. 271, 50 S.Ct. 279, 74 L.Ed. 852; Rowan v. United States, 211 F.2d 237 (3rd Cir.). In Meadows, the critical factor was said to be that the right to reinstatement flowed not from any undertaking in the contract of insurance but solely from a statutory provision. See 281 U.S. at 274, 50 S.Ct. at 280, 74 L.Ed. 852; United States v. Roberts, 192 F.2d 893, 895 (5th Cir.).

We believe in the case at hand, however, that the right to obtain disability insurance coverage does not come merely from the statute. This right is accorded a National Service Life Insurance policyholder, if qualified in other respects, by the terms and conditions of the policy, as well as the statutes. See 1947 Administrator's Decisions, Veterans' Administration No. 762. We disagree with the United States Court in the Western District of Oklahoma which de-cided that "a request for an endorsement enlarging the policy coverage together with increasing the size of the insurance premium in its last analysis is nothing but a request for new insurance," Birge v. United States, 111 F.Supp. 685, 689. Before the disability rider can be issued, there must be a policy in force. The policy is the foundation from which the right arises and not merely a condition precedent to its assertion. This situation thus differs from a request for new insurance, where there is no policy in force, or a request for reinstatement of a policy, where the policy is no longer operative.

We think jurisdiction over this action may also be sustained on the basis of 38 U.S.C.A. § 785 dealing with the Administrator's decisions in the field of insurance. In 1946 the predecessor of this section was amended to include the following italicized words:

"Except in the event of suit as provided in Section 617 [now Section 784] hereof, *or other appropriate court proceedings,* all decisions rendered by the Administrator under the provisions of this Act, or regulations *properly* issued pursuant thereto, shall be final and conclusive on all questions of law or fact, and no other official of the United States, *except a judge or judges of United States courts,* shall have jurisdiction to review any such decisions."

See 60 Stat. 781, 788 (1946). The Supreme Court decided that these changes were designed to eliminate the finality of the decisions of the Administrator on matters of insurance. United States v. Zazove, 334 U.S. 602, 611–612, 68 S.Ct. 1284, 92 L.Ed. 1601, citing Senate Report No. 1705, 79th Cong., 2d Sess. 9, and H.R. Rep. No. 2002, 79th Cong., 2d Sess. 10. Accordingly, it was held in Unger v. United States, 79 F.Supp. 281 (E.D.Ill.), that jurisdiction existed on the basis of 38 U.S.C.A. § 808 (now § 785) over a suit involving the denial of an application for a National Service Life Insurance Policy. This case was followed in Fitzgerald v. United States,

98 F.Supp. 222 (N.D.Ohio), but disapproved in Rowan v. United States, 115 F.Supp. 503 (M.D.Pa.), aff'd per curiam, 211 F.2d 237 (3rd Cir.), and Mitchell v. United States, 111 F.Supp. 104 (D.N.J.). However, none of these cases concerned applications for disability income insurance.

Section 785 has been altered from the 1946 version quoted above and now reads:

> "Except in the event of suit as provided in Section 784 of this title, or other appropriate court proceedings, all decisions rendered by the Administrator under the provisions of this chapter shall be final and conclusive on all questions of law or fact, and no other official of the United States shall have jurisdiction to review any such decisions."

72 Stat. 1167 (1958). We think the changes in text here are insubstantial and conclude that it is still proper for the federal courts to review the Administrator's insurance decisions in such a case as this.

■■ Turning to the merits of the case, the plaintiff has made an appealing argument, if we are to assume that if Salyers had received a prompt refusal from the Veterans Administration he would have been able to obtain similar or other disability insurance from commercial sources. However, this may be, there is no showing that the administrative decision was arbitrary or capricious or that it was based on an error of law. To the contrary, there was substantial evidence to warrant the finding that Salyers did not present the "proof of good health satisfactory to the Administrator" required for a total disability income provision under 38 U.S.C.A. § 715; Major Salyers' application indicated that he had had "diabetes or sugar in urine," heart disease, and arthritis, and the accompanying physical examination report showed him to be suffering from "moderate coronary arteriosclerosis compatible with age." The binding effect of this administrative determination is not changed by an unreasonable delay in notifying the applicant of the rejection. The United States does not have the same relationships with its insureds as a private insurance company does, and the same principles of estoppel do not apply to the Government. See United States v. Holley, 199 F.2d 575, 578 (5th Cir. 1952); James v. United States, 185 F.2d 115, 22 A.L.R.2d 830 (4th Cir. 1950).

The judgment is affirmed.

JONES, Circuit Judge.
I concur in the result.