**Dorothy B. OUTLAW, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 67–275.

United States District Court
D. South Carolina,
Columbia Division.

Dec. 20, 1967.

George M. Stuckey, Jr., Bishopville, for plaintiff.

Charles Porter, Asst. U. S. Dist. Atty., Columbia, for defendant.

## ORDER

HEMPHILL, District Judge.

This matter comes before the court on a stipulation of facts which completely encompasses a prior Motion for Summary Judgment filed by the defendant. The parties have submitted all relevant documents as exhibits and are in agreement that there is no material fact in dispute. The question presented is one of law.

On May 4, 1965 Tom W. Outlaw applied for $2,000.00 National Service Life Insurance and paid premiums for two months. Mr. Outlaw's application stated he had service-connected rheumatic heart disease and nervousness and non service-connected cirrhosis. The applicant died of coronary thrombosis on July 5, 1965.

**936**

The Underwriting Numerical Rating Sheet indicates that on June 28, 1965 internal action was taken by the Veterans Administration concerning rejection of the application of Tom W. Outlaw, because of his liver condition. On July 19, 1965, by a Veterans Administration Reference Slip direction was issued to reject the application because of the applicant's liver condition, and the application was rejected by letter of July 20, 1965. On July 30, 1965 a "Claim for Life Insurance", dated July 23, 1965, was filed by the decedent's widow, Dorothy Boykin Outlaw. Subsequently, in August 1965, during the course of action to process a refund of the premium which accompanied the application, an error was made in feeding the proper information into the automatic data processing system. As a result thereof, a policy was inadvertently released which bore an effective date of May 5, 1965.

█ A suit cannot be maintained to compel the issuance of a valid contract of National Service Life Insurance. The courts have consistently ruled that jurisdiction is lacking under the Consent to Suit Statute, § 784 of Title 38 U.S.C.A., to review the decisions of the Administrator of Veterans' Affairs rejecting applications for insurance and to compel their issuance or reinstatement. Meadows v. United States, 281 U.S. 271, 50 S. Ct. 279, 74 L.Ed. 852 (1930); United States v. Fitch, 185 F.2d 471 (10 Cir. 1950); Rowan v. United States, 211 F. 2d 237 (3 Cir. 1954); Skovgaard v. United States, 92 U.S.App.D.C. 70, 202 F.2d 363 (1953) cert. den., 345 U.S. 994, 73 S.Ct. 1134, 97 L.Ed. 1401. In the present case, it appears that a valid contract of insurance was never entered into between the veteran and the Veterans Administration, or a valid contract issued, even though a certificate of insurance was released through error on August 31, 1965. It is clear that this certificate was released through error because the Veterans Administration had rejected the application internally by June 28, 1965 and by formal notice to claimant on July 20, 1965.

█ The plaintiff contends that the United States is estopped by lapse of time and by the fact of having issued a certificate of insurance to deny liability. It is noteworthy that the application was formally rejected on July 20, 1965 which was some fifteen days after the veteran's death, but with no indication that the Veterans Administration was aware of the veteran's death. The claim for insurance benefits was filed some three days after this notice of rejection had been mailed to the claimant; no policy of insurance had been issued at that time nor was the policy issued until more than a month later on August 31, 1965. The fact that the policy was issued does not make it a contract nor does its incontestability clause make it a contract. The United States cannot be estopped by the unauthorized acts of its agents, nor by lapse of time. It is not in the same position as a private insurer. James v. United States, 185 F.2d 115, 22 A.L.R.2d 830 (4 Cir. 1950); United States v. Fitch, 185 F.2d 471 (10 Cir. 1950); United States v. Hoffart, 256 F.2d 186 (8 Cir. 1958). Halverson v. United States, 121 F.2d 420 (7 Cir.), cert. den. 314 U.S. 695, 62 S. Ct. 412, 86 L.Ed. 556. For these reasons it must be concluded that no valid contract of insurance ever existed in this case and that accordingly there is no "claim * * * under contract" upon which to poise the jurisdiction of this court.

And it is so ordered.