John McKINNEY, Jr., et al., Plaintiffs

v.

UNITED STATES of America, Defendant.

Civ A. No. 68-632.

United States District Court
N. D. Alabama, N. D.

March 4, 1969.

**38**

Charles D. Rosser, Tuscumbia, Ala., for plaintiffs.

Macon L. Weaver, U. S. Atty., and Charles Nice, Asst. U. S. Atty., Birmingham, Ala., for defendant.

## OPINION

GROOMS, District Judge.

This case has heretofore been submitted on defendant's motion to dismiss or in the alternative its motion for summary judgment. The Court's decision will be based upon the motion for summary judgment and the supporting affidavit, which is uncontradicted.

Marvin D. McKinney served on active Army duty from February 1943, until his discharge for disability in March 1946, due to chronic rheumatoid arthritis. On April 20, 1966, he applied for a $10,000.00 policy of "Service Disabled Insurance (Non-Medical)" and tendered one month's premium for that type of policy. The application was rejected by the Veterans Administration on the ground that the applicant could not meet the statutory health requirements for this insurance and a letter advising him of this rejection was mailed to him under date of June 28, 1966. The applicant, however, had died on May 16, 1966. The plaintiff, John McKinney, Jr., was notified of the medical disapproval by letter of August 10, 1966.

No policy was ever issued.

This action is for benefits under Title 38 U.S.C.A. § 725 and is brought under Title 38 U.S.C.A. § 784 et seq., which vests jurisdiction in the United States District Courts "in the event of disagreement as to claim, including claim for refund of premiums, under *contract* of National Service Life Insurance * * *."

The defendant vigorously asserts that since no policy or contract was ever issued this Court lacks jurisdiction to adjudicate this action. It relies on Skovgaard v. United States, 92 U.S.App.D.C. 70, 202 F.2d 363, cert. denied 345 U.S. 994, 73 S.Ct. 1134, 97 L.Ed. 1401; Mitchell v. United States, (D.C.N.J.) 111 F.Supp. 104; and McKay v. United States, (S.D.Tex.) 286 F.Supp. 1003, among other cases. The plaintiffs rely upon Unger v. United States, (E.D.Ill.) 79 F.Supp. 281; and Salyers v. United States, (5 Cir.) 326 F.2d 623, and other authorities.

After carefully considering the cases, pro and con, the Court is of the opinion that the defendant has the better of the argument.

The *Salyers* case is distinguishable from the instant case. There the defendant attempted to equate the failure to issue a total disability income rider with the failure to issue a policy in the first instance. The court said:

"It is, of course, well settled that *a request for new insurance does not qualify as a claim under contract of insurance.* See Skovgaard v. United States, 92 U.S.App.D.C. 70, 202 F.2d 363, cert. denied, 345 U.S. 994, 73 S.Ct. 1134, 97 L.Ed. 1401; Burlingham v. United States, 34 F.2d 881 (8th Cir.). And suits for reinstatement of policies have been held not to satisfy the requirements for jurisdiction under § 784(a) and its predecessors. E. g., Meadows v. United States, 281 U.S. 271, 50 S.Ct. 279, 74 L.Ed. 852; Rowan v. United States, 211 F.2d 237 (3rd Cir.). In Meadows, the critical factor was said to be that the right to reinstatement flowed not from any undertaking in the contract of insurance but solely from a statutory provision.

See 281 U.S. at 274, 50 S.Ct. at 280, 74 L.Ed. 852; United States v. Roberts, 192 F.2d 893, 895 (5th Cir.)

"We believe in the case at hand, however, that *the right to obtain disability insurance coverage does not come merely from the statute. This right is accorded a National Service Life Insurance policy holder, if qualified in other respects, by the terms and conditions of the policy, as well as the statutes.*" (Emphasis supplied)

The court stated that jurisdiction may also be sustained under 38 U.S.C.A. § 785 [1], saying:

"[I]t was held in Unger v. United States, 79 F.Supp. 281 (E.D.Ill.), that jurisdiction existed on the basis of 38 U.S.C.A. § 808 (now § 785) over a suit involving the denial of an application for a National Service Life Insurance Policy. This case was followed in Fitzgerald v. United States, 98 F. Supp. 222 (N.D.Ohio), but disapproved in Rowan v. United States, 115 F.Supp. 503 (M.D.Pa.), aff'd per curiam, 211 F.2d 237 (3rd Cir.), and Mitchell v. United States, 111 F.Supp. 104 (D.N.J.). *However, none of these cases concerned applications for disability income insurance.*" (Emphasis supplied)

Judge Ingraham in *McKay* was of the opinion that the court's holding with respect to jurisdiction under Section 785 was unnecessary to the decision, but even so the holding in that respect is qualified since it is obvious from the language employed that the court was concerned only with an application for a disability income rider to become a part of an existing policy, and not with an application for initial insurance.

The motion for summary judgment will be granted.

1. Now providing as follows:
"Except in the event of suit as provided in section 784 of this title, or other appropriate court proceedings, all decisions rendered by the Administrator under the

provisions of this chapter shall be final and conclusive on all questions of law or fact, and no other official of the United States shall have jurisdiction to review any such decisions."