**Virginia McCLENDON, Plaintiff,**

v.

**The UNITED STATES of America, and the Veterans Administration, an Instrumentality of the United States Government, Defendants.**

**Civ. No. 70-399.**

United States District Court,
W. D. Oklahoma.

Jan. 25, 1971.

Claude E. Love, of Love & Sullivan, Oklahoma City, Okl., for plaintiff.

William Burkett, U. S. Atty., W. D. Okl., Floy Dawson, Asst. U. S. Atty., W. D. Okl., Oklahoma City, for defendants.

## ORDER

EUBANKS, District Judge.

The above-entitled cause came before the Court on Defendant's Motion to Dismiss or in the Alternative for Summary Judgment and on Plaintiff's Cross-Motion for Summary Judgment.

The facts necessary to the determination of these motions appear to be the following:

1. The veteran, Booker T. McClendon, was in Armed Services during World War II and had a National Service Life Insurance policy in the amount of $1,000.00 which was in effect at the time of his death on July 3, 1965, and which was paid to the Plaintiff as beneficiary thereof.

2. On May 5, 1965, the veteran made application to the Veterans Administration for $9,000.00 additional National Service Life Insurance under the provisions of Title 38, United States Code, Section 725. The veteran's application was assigned number J85100242; designated plaintiff as principal beneficiary; and named his two children to be co-contingent beneficiaries.

3. On May 20, 1965, the veteran's application for insurance was rejected by the Veterans Administration underwriting officials due to the existence of non-service connected gout.

4. The veteran died on July 3, 1965, of a gunshot wound.

5. The Plaintiff filed claim for insurance and was paid the proceeds of the $1,000.00 National Service Life Insurance policy and on October 4, 1965, was advised that the veteran's application for $9,000.00 insurance was disapproved for medical reasons.

The complaint was filed in this case on August 10, 1970, alleging the $9,000.-00 policy was in effect at the time of the veteran's death. However, in the brief in support of Plaintiff's Motion for Summary Judgment, the following statement is made: "Plaintiff is not contending that a contract of insurance or policy existed and cases cited by Defendant relating to whether a contract existed are not applicable at this time. Plaintiff is not contending that the Administrator of the Veterans Administration should be forced to issue a policy by way of mandamus at this time."

Plaintiff's alleged basis for relief now seems to be that the refusal by the Administrator of the Veterans Administration to allow the deceased veteran to present proof that he was uninsurable at sub-standard rates because of his non-service connected disability was an arbitrary, capricious and belated decision and a denial of due process.

Plaintiff initially claimed a basis for relief in Title 38, United States Code, Section 784, which states in part:

"(a) in the event of disagreement as to claim, including claim for refund of premiums, under contract of National Service Life Insurance * * * and any person or persons claiming thereunder an action on the claim may be brought against the United States * * *, and jurisdiction is conferred upon such courts to hear and determine all such controversies."

It is clear that Title 38, United States Code, Section 784 confers jurisdiction when the claim is *under contract*. But, Plaintiff has admitted that there was no contract of insurance in effect at the time of the veteran's death. Plaintiff now claims that this Court has jurisdiction by virtue of Title 38, United States Code, Section 785, which provides as follows:

"Except in the event of suit as provided in section 784 of this title, or other appropriate court proceedings,

all decisions rendered by the Administrator under the provisions of this chapter shall be final and conclusive on all questions of law or fact, and no other official of the United States shall have jurisdiction to review any such decisions."

The case of Unger v. United States, 79 F.Supp. 281 (E.D.Ill., 1948) is cited as supportive of Plaintiff's contention. However, the weight of recent authority examining into the meaning of Title 38, United States Code, Section 785, holds that Section 785 does not provide a basis for jurisdiction in cases where there is no policy of insurance in effect. See, Maxwell v. United States, 313 F.Supp. 245 (N.D.Cal., 1970); McKinney v. United States, 301 F.Supp. 37 (N.D.Ala.1969); McKay v. United States, 286 F.Supp. 1003 (S.D.Texas, 1968); Skovgaard v. United States, 92 U.S.App.D.C. 70, 202 F.2d 363 (1953).

Despite Plaintiff's allegation of a violation of her right to due process, the Court holds that this complaint is an attempt to compel the United States to be an insurer. In Birge v. United States, 111 F.Supp. 685, (W.D.Okl. 1953), Judge Wallace held:

"Unquestionably this Court can consider any dispute based upon a policy in full force and effect. Likewise, it is equally clear that this Court cannot consider an action brought to compel the reinstatement of a lapsed policy, nor an action brought to compel the issuance of a new policy, inasmuch as this court's jurisdiction is predicated upon a claim in connection with a valid existing policy." [at p. 688]

The Court concludes that it is without jurisdiction to entertain the present action.

Therefore, it is ordered, That Plaintiff's Motion for Summary Judgment is denied; Defendant's Motion for Summary Judgment is granted and the complaint is hereby dismissed.