**Cleo Darlene CLARK, Plaintiff,**

v.

**UNITED STATES of America et al., Defendants.**

**No. 72–C–13–CR.**

United States District Court, N. D. Iowa, Cedar Rapids Division.

Nov. 20, 1972.

Richard P. Moore, Cedar Rapids, Iowa, for plaintiff.

Robert L. Sikma, Asst. U. S. Atty., Sioux City, Iowa, for defendants.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on the suggestion in defendants' answer that subject matter jurisdiction of plaintiff's claims is lacking. Rule 12(h)(3) F.R. Civ.P.

The relevant facts appear to be as follows: The plaintiff is the mother of Garth Kevin Goodwin, now deceased, who served in the United States Navy from May 4, 1970, until honorably discharged on June 3, 1970. He died on June 11, 1970. On July 1, 1970, the plaintiff filed a claim for both dependency and indemnity compensation, and

National Service Life Insurance (NSLI). She alleged in her claim that the veteran's death from suicide was related to his military service. On August 7, 1970, the Veterans Administration office in Philadelphia advised Mrs. Clark by letter that her son was not insured under the NSLI Program. The plaintiff, in addition to this claim, filed a $10,000 claim under the Serviceman's Group Life Insurance Policy under which her son was insured. She was paid claims totaling $10,000 by the Office of Serviceman's Group Life Insurance.

In July of 1970, the Veteran's Administration conducted an investigation to determine whether or not the veteran's death was service connected. By administrative decision, it was determined that service connection for the cause of death had not been established.

Subsequently, the plaintiff was advised that her claims for gratuitous death benefits and compensation had been denied since the veteran's death was not found to be related to his naval service. Another administrative decision rendered by the Director of the Insurance Service on April 18, 1972, held that the veteran was not entitled to insurance under the provisions of 38 U.S.C. § 722(b) and that there was therefore no policy in force at the time of Goodwin's death.

On March 28, 1972, plaintiff filed the present suit alleging three claims against the United States, the Administrator of the Veterans Administration, and the Secretary of the Navy, respectively: (1) pursuant to 38 U.S.C § 722(b), she is entitled to National Service Life Insurance in the amount of $10,000; (2) under 38 U.S.C. §§ 341 and 342, she is entitled to compensation in the amount of $60 per month; and

(3) by virtue of 10 U.S.C. § 1476, she is entitled to an $800 death gratuity for her son's death.

Plaintiff asserts this court's jurisdiction of her claim for NSLI by virtue of 38 U.S.C. § 784(a) which gives district courts jurisdiction of disagreements as to claims under contract of NSLI. Plaintiff contends that this court also has ancillary jurisdiction of her other two claims since they involve the same operative facts as her claim for NSLI.

Defendants contend this court lacks subject matter jurisdiction of all three of plaintiff's claims and that this action should therefore be dismissed. Defendants' argument basically is that the administrative decisions which were unfavorable to plaintiff are unreviewable by this court by virtue of 38 U.S.C. §§ 211 and 785. The Administrator of the Veterans Administration also contends that this court lacks jurisdiction under 28 U.S.C. § 1346(d) of plaintiff's claim for the $60 month compensation provided by 38 U.S.C. §§ 341 and 342.

For the following reasons, the court is of the view that subject matter jurisdiction of plaintiff's claims is lacking and that the action should therefore be dismissed.

## NATIONAL SERVICE LIFE INSURANCE

### 38 U.S.C. § 722(b)

Administrative decisions are generally subject to judicial review by virtue of the Administrative Procedure Act. 5 U.S.C. § 702. The judicial review provided by 5 U.S.C. § 702, however, is not available to the extent that statutes specifically preclude judicial review or agency action is committed to agency discretion by law. 5 U.S.C. § 701(a). In the present case, the latter situation prevails since 38 U.S.C. §§ 211 and 785 [1]

---

1. 38 U.S.C. § 785 provides that "except in the event of suit as provided in section 784 of this title, *or other appropriate court proceedings*, all decisions rendered by the Administrator under the provisions of this chapter shall be final and conclusive on all questions of law or fact. . . ." Several courts have interpreted the phrase "or other appropriate court proceedings" to mean that all insurance matters are judicially reviewable, based upon the interpretation of this phrase in

make decisions by the Veterans Administration relating to compensation and benefits generally unreviewable. 38 U.S.C. § 784(a) is an exception in that it allows judicial review "in the event of disagreement as to claim . . . under contract of National Service Life Insurance. . . ." Therefore, in order for this court to have jurisdiction of plaintiff's claim for NSLI, her claim must fall within the language of 38 U.S.C. § 784(a), else judicial review of the Veterans Administration's denial of her claim is barred by 38 U.S.C. §§ 211 and 785.

In order to determine whether plaintiff's claim for NSLI is *"under contract of National Service Life Insurance"* and thus is reviewable by this court under 38 U.S.C. § 784(a), it is necessary to examine 38 U.S.C. § 722(b)(1) which is the provision that plaintiff contends gives rise to her claim for NSLI.

38 U.S.C. § 722(b)(1), in relevant part, provides that

"Any person who . . . was otherwise qualified for insurance under the provisions of section 620 of the National Service Life Insurance Act of 1940, or under subsection (a) of this section, but who did not apply for such insurance and who is shown by evidence satisfactory to the Administrator (A) to have been mentally incompetent from a service-connected disability . . . shall be deemed to have applied for and to have been granted such insurance . . . in an amount which, together with any other United States Government or National Service life insurance in force, shall aggregate $10,000."

In order for a contract to arise under § 722(b)(1) certain conditions must first be met. A basic requirement is that satisfactory evidence of the disability be presented to the Administrator.

■ Although plaintiff presented evidence of the disability to the Administrator, it was found to be inadequate to establish a service-connected disability. Plaintiff thus failed to satisfy a basic condition necessary for a contract of NSLI to be deemed in force by operation of law. Accordingly, it appears that plaintiff's claim for NSLI is not "under contract of NSLI" and that the Administrator's decision denying her claim is unreviewable by virtue of 38 U.S.C. §§ 211 and 785. This conclusion is supported by a long line of cases holding that requests for new insurance or suits for reinstatement of policies do not qualify as claims under contract of insurance. *See* Meadows v. United States, 281 U.S. 271, 275, 50 S.Ct. 279, 74 L.Ed. 852 (1930); Rowan v. United States, 211 F.2d 237 (3rd Cir. 1954); Burlingham v. United States, 34 F.2d 881 (8th Cir. 1929); Skovgaard v. United States, 202 F.2d 363 (D.C.Cir.1953); McClendon v. United States, 327 F.Supp. 704, 705–06 (W.D.Okl.1971); Maxwell v. United States, 313 F.Supp. 245, 247–48 (N.D.Cal.1970); McKinney v. United States, 301 F.Supp. 37 (N.D.Ala.1969); McKay v. United States, 286 F.Supp. 1003 (S.D.Tex.1968); Outlaw v. United States, 293 F.Supp. 935, 936 (C.D.S.C.);

United States v. Zazove, 334 U.S. 602, 611–612, 68 S.Ct. 1284, 92 L.Ed. 1601 (1948). *See* Salyers v. United States, 326 F.2d 623, 625–626 (5th Cir. 1964); Unger v. United States, 79 F.Supp. 281 (E.D.Ill.1948). The vast majority of cases, however, have given this phrase a more narrow construction based upon the legislative intent and history in adding this phrase in 1946 and on the ground that the phrase does not provide the necessary specific consent by the United States to permit suit to be brought against it. *See* McKay v. United States, 286 F.Supp. 1003, 1006–07 (S.D.Tex.

1968); McKinney v. United States, 301 F.Supp. 37 (N.D.Ala.1969); Maxwell v. United States, 313 F.Supp. 245 (N.D.Cal. 1970); Skovgaard v. United States, 202 F.2d 363 (D.C.Cir.1953). "The weight of recent authority examining into the meaning of Title 38, United States Code, Section 785, holds that Section 785 does not provide a basis for jurisdiction in cases where there is no policy of insurance in effect." McClendon v. United States, 327 F.Supp. 704, 706 (W.D.Okl. 1971). *See also* Rowan v. United States, 211 F.2d 237, 238 (3rd Cir. 1954).

Birge v. United States, 111 F.Supp. 685, 688 (W.D.Okla.1953).[2]

As with requests for new insurance or for reinstatement of lapsed policies, plaintiff's claim is one under the statute and not under a valid, outstanding contract since she did not present to the Administrator the satisfactory evidence of the disability necessary for a contract to be in force by operation of law. Her claim is thus not within this court's jurisdiction by means of 38 U.S.C. § 784(a).

## DEATH BENEFITS UNDER 38 U.S.C. §§ 341 and 342

Plaintiff's second claim is that, pursuant to 38 U.S.C. §§ 341 and 342, she is entitled to compensation in the amount of $60 per month. Since plaintiff's allegation that this court has ancillary jurisdiction of this claim is negated by the fact that this court does not have jurisdiction of her primary claim for NSLI, the court must determine whether there is any independent jurisdictional basis for this claim.

38 U.S.C. § 211(a) precludes judicial review of legal or factual determinations made pursuant to laws administered by the Veterans Administration. Since 38 U.S.C. §§ 341 and 342 are laws administered by the Veterans Administration, this court is without power to review the denial by the Administrator of plaintiff's claim for benefits. 38 U.S.C. § 211. *See* Fermin v. Army Board For Correction of Military Records, 312 F. 2d 552, 554 (9th Cir. 1963); Smith v. United States, 83 F.2d 631, 638–39 (8th Cir. 1936); Cf. Lynch v. United States, 292 U.S. 571, 587, 54 S.Ct. 840, 78 L.Ed. 1434 (1934).

■ Additionally, aside from 38 U.S. C. § 211, it is doubtful that this court would have jurisdiction of plaintiff's claim under 28 U.S.C. § 1346(a)(2), the general jurisdictional provision for suits against the United States. 28 U.S.C. § 1346(d) states that the "district courts shall not have jurisdiction under this section of any civil action or claim for a pension." Since the word "pension" has been construed to include "compensation" benefits, it appears that this court would not have jurisdiction under § 1346(a)(2) of plaintiff's claim for $60 per month compensation. *See* Smith v. United States, 57 F.2d 998, 999 (4th Cir. 1932); Anderson v. United States, 205 F.2d 326, 328 (9th Cir. 1953).

## DEATH GRATUITY UNDER 10 U.S.C. § 1476

Plaintiff's final claim is for an $800 death gratuity provided by 10 U.S.C. § 1476. As with plaintiff's second claim, it is necessary to determine whether an independent basis exists for this court's jurisdiction since there is no basis for ancillary jurisdiction. Similarly, any jurisdictional basis for her third claim, such as 28 U.S.C. § 1346, is subject to 38 U.S.C. § 211 which bars judicial review of decisions by the Veterans Administration concerning veterans' benefits.

■ 10 U.S.C. § 1476 provides that the death gratuity will be paid only "if the Administrator of Veterans' Affairs determines that the death resulted from . . . disease or injury incurred or aggravated while performing duty. . . . " The Administrator of Veterans Affairs, on October 19, 1970, refused to certify that plaintiff's son's death was from a service-connected disability. Accordingly, since 38 U.S.C. § 211 bars judicial review of the Administrator's decision, this court is without jurisdiction to consider plaintiff's claim for a death gratuity under 10 U.S.C. §

---

2. United States v. Roberts, 192 F.2d 893 (5th Cir. 1951) and Morris v. United States, 122 F.Supp. 155, 158 (E.D.N.C. 1954) are the only cases which have held that a suit is upon a contract of insurance even though an Administrator has not found the satisfactory evidence required for the contract to be deemed in force by operation of law. The difference between these cases and the majority view is basically one of statutory construction and contrasting policy views as to the reviewability of administrative decisions.

1476. *See* United States v. Daubendiek, 25 F.R.D. 50, 54 (N.D.Iowa 1959); *Cf.* United States v. Williams, 278 U.S. 255, 256–257, 49 S.Ct. 97, 73 L.Ed. 314 (1929).

It is therefore ordered dismissed.