**Cleo Darlene CLARK, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 73–1001.**

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1973.

Decided Aug. 1, 1973.

---

Richard P. Moore, Cedar Rapids, Iowa, filed printed brief for appellant.

Evan L. Hultman, U. S. Atty., and Robert L. Sikma, Asst. U. S. Atty., Sioux City, Iowa, filed brief for appellee.

Before MATTHES, Chief Judge, VAN OOSTERHOUT, Senior Circuit Judge, and ROSS, Circuit Judge.

VAN OOSTERHOUT, Senior Circuit Judge.

This is an appeal by plaintiff Clark from an order of the District Court dismissing her complaint for lack of subject matter jurisdiction. The relevant facts are fully stated in the order of dismissal, Clark v. United States, 351 F. Supp. 692 (N.D.Iowa 1972), and will be only briefly summarized here.

Plaintiff is the mother of Garth Kevin Goodwin, now deceased, who served in the United States Navy from May 4, 1970, to June 3, 1970. Plaintiff's son committed suicide on June 11, 1970.

Plaintiff subsequently applied to the Veterans Administration for the proceeds of a National Service Life Insurance (NSLI) policy. The application was denied. She also applied for death benefits under 38 U.S.C.A. Part II, ch. 11, subch. V and under 10 U.S.C.A. § 1476. These two claims were also denied.

Subsequent to the denial of her three claims, plaintiff filed suit in federal district court seeking relief against the United States, the administrator of the Veterans Administration, and the Secretary of the Navy.

Count I is based upon the NSLI claim. Counts II and III are based upon other death benefits hereinabove referred to. Plaintiff concedes in brief that there is no independent jurisdictional basis for the claims stated in Counts II and III of her complaint but relies on the doctrine of ancillary jurisdiction to support Counts II and III. Thus the primary issue is whether jurisdiction exists with respect to the NSLI claim.

Plaintiff bases subject matter jurisdiction for her Count I claim on 38 U.S. C.A. §§ 784(a) and 785. Plaintiff's son did not apply for NSLI coverage. Nonetheless, plaintiff asserted an NSLI claim based exclusively on 38 U.S.C.A. § 722(b)(1) which provides:

"Any person who . . . was . . . qualified for insurance . . . but who did not apply for such insurance and who is shown by evidence satisfactory to the Administrator . . . to have been mentally incompetent from a service-connected disability . . . shall be deemed to have applied for and to have been granted such insurance . . . in an amount which, together with any other United States Government or National Service life insurance in force, shall aggregate $10,000. . . ."

Plaintiff in Count I has properly pleaded all essential elements to entitle her son to be deemed to have applied for and been granted such insurance.

We agree with the view expressed by the trial court that most determinations of veterans' benefits by the Administrator are unreviewable by virtue of 38 U. S.C.A. §§ 211 and 785. We also agree with the trial court's statement of the law reading: "In order for a contract to arise under § 722(b)(1) certain conditions must first be met. A basic requirement is that satisfactory evidence of the disability be presented to the Administrator" 351 F.Supp. 692, 694.

The court then goes on to say: "Although plaintiff presented evidence of the disability to the Administrator, it was found to be inadequate to establish a service-connected disability. Plaintiff thus failed to satisfy a basic condition necessary for a contract of NSLI to be deemed in force by operation of law. . . ." 351 F.Supp. at 694.

We have carefully examined the record and find nothing to indicate that the trial court had before it any record of what was done at the administrative level except plaintiff's pleading that she timely applied for NSLI and that the application was denied. The Administrator's order of denial is not in the

record before us. We discover nothing in the record which indicates whether the Administrator held an evidentiary hearing and if so, what evidence was produced. We find no affidavit or stipulation as to the facts and are unable to determine the basis upon which the trial court made its findings of fact. So far as the record discloses, the only thing the court had before it upon which to act was the pleadings.

■ In this appeal, plaintiff contends the District Court erred in its conclusion that the federal courts have no jurisdiction to review the Administrator's determination that there was no service-connected mental disability in this case. Specifically, she contends that § 785 grants the federal courts jurisdiction to review the Administrator's decisions with respect to all insurance matters under 38 U.S.C.A. Chapter 19. Alternatively, she contends that this is a claim under contract of NSLI for which jurisdiction exists under § 784(a).

Section 785 provides:

"Except in the event of suit as provided in Section 784 of this title, *or other appropriate court proceedings*, all decisions rendered by the Administrator under the provisions of this chapter shall be final and conclusive on all questions of law or fact, and no other official of the United States shall have jurisdiction to review any such decisions." (Emphasis added).

Plaintiff contends her claim falls within the italicized portion of the provision quoted above. The District Court properly recognized that "[s]everal courts have interpreted the phrase 'or other appropriate court proceedings' to mean that all insurance matters are judicially reviewable. . . ." *See* United States v. Zazove, 334 U.S. 602, 611–612, 625–626, 68 S.Ct. 1284, 92 L.Ed. 1601 (1948); Salyers v. United States, 326 F.2d 623, 625–626 (5th Cir. 1964); Fitzgerald v. United States, 98 F.Supp. 222 (N.D.Ohio 1951); Unger v. United States, 79 F.Supp. 281 (E.D.Ill.1948). It declined to follow these cases, how-

ever, on the basis that " '[t]he weight of recent authority examining into the *meaning of . . .* Section 785, holds that Section 785 does not provide a basis for jurisdiction in cases where there is no policy of insurance in effect.' " McClendon v. United States, 327 F.Supp. 704, 706 (W.D.Okl.1971), and other cases cited by the trial court.

Section 785 explicitly excepts from its provisions "suit[s] as provided in § 784 of this title. . . ." Section 784(a) provides that "[i]n the event of disagreement as to *claim . . . under contract* of National Service Life Insurance . . . an action . . . may be brought against the United States . . ." 38 U.S.C.A. § 784(a) (emphasis added). Plaintiff contends that her suit involves a "claim under contract." Again, the District Court recognized "cases which have held that a suit is upon a contract of insurance even though an Administrator has not found the satisfactory evidence required for the contract to be deemed in force by operation of law. . . ." *See* United States v. Roberts, 192 F.2d 893 (5th Cir. 1951); Morris v. United States, 122 F.Supp. 155, 158 (E.D.N.C.1954); Gamez v. United States, 95 F.Supp. 656, 660 (S.D.Tex.1951). *Cf.* Salyers v. United States, *supra,* 326 F.2d at 625. *See also* Tupper v. United States, 270 F.2d 681 (5th Cir. 1959); Skovgaard v. United States, 92 U.S.App.D.C. 70, 202 F.2d 363, 364 (1953) (Miller, J., dissenting). The District Court, however, followed the majority view that § 784(a) authorizes suits only where a contract of insurance has been issued. Since the Administrator found no service-connected disability, it reasoned, the plaintiff failed to satisfy a basic condition necessary for a contract to be deemed established by operation of law.

For the reasons which follow, we specifically reject the view adopted by the trial court as to the meaning of both § 785 and § 784(a).

First, we find persuasive the statutory construction adopted by the cases cited above. Concerning the § 785 "other

appropriate court proceedings" language, the *Salyers* court notes that this language was added in 1946 as part of an effort "to eliminate the finality of the decisions of the Administrator on matters of insurance." Salyers v. United States, *supra*, 326 F.2d at 625, *citing* United States v. Zazove, *supra*, 334 U.S. at 611–612, 68 S.Ct. 1284. Noting the changes in the statute since 1946, the *Salyers* court states:

"We think the changes in text here are insubstantial and that it is still proper for the federal courts to review the Administrator's insurance decisions in such a case as this." Salyers v. United States, *supra*, 326 F.2d at 626.

Insofar as the jurisdictional implications of the § 784(a) "claim under contract" language are concerned, we agree with the holding of Morris v. United States, *supra*, where the court states:

"The question raised . . . is a serious one. If the refusal of the Veterans Administration to issue or reinstate a National Service Life Insurance Policy is wrongful, is there no judicial review? The statute and regulations prescribe the conditions under which policies are to be issued, and if those conditions are met, the serviceman or veteran is entitled to the policy as a matter of law. The Veterans Administration is not like a private insurer, which may issue or decline to issue policies in its absolute discretion." 122 F.Supp. at 158.

As the dissent in *Skovgaard* points out,

"[T]he . . . complaint alleges that Skovgaard had fully complied with the four requirements, after which the statute provides that the insurance applied for 'shall be granted.' Thus it was alleged that a contract of insurance came into being by the terms of the Act itself, even though the ministerial act of issuing a policy to evidence the insurance was never performed by the Administrator. The statute permits suit against the United States in the event of disagreement as to any claim under a *contract* of insurance. The governmental consent to be sued is not limited to a suit on a policy. I think it is wrong to regard a physical policy as the only contract of insurance upon which suit may be maintained and, as I have shown, the amended complaint in this case sufficiently pleaded the existence of a contract of insurance. . . ." Skovgaard v. United States, *supra*, 202 F. 2d at 365 (Miller, J., dissenting).

We believe the complaint in this case sets forth a claim under contract as that phrase is used in § 784(a).

Even if the above-cited cases cannot be said to be clearly correct in their conclusions, it can certainly be said that the language here in question is ambiguous. Moreover, there are, to the best of our knowledge, no reported cases dealing specifically with a claim arising under § 722(b). When faced with such uncertainty, there are at least two principles which tip the balance in favor of reviewability.

The first is simply that "[t]he statutory provisions, where ambiguous, are to be construed liberally to effectuate the beneficial purposes that Congress had in mind." United States v. Zazove, *supra*, 334 U.S. at 610, 68 S.Ct. at 1290. See also Martin v. United States, 238 F.2d 245, 248 (7th Cir. 1956); United States v. Vandver, 232 F.2d 398, 402 (6th Cir. 1956); Simmons v. United States, 110 F.2d 296, 298 (4th Cir. 1940). The salutory humanitarian purpose here is to provide insurance protection for veterans who have failed to apply due to mental incompetency incurred in the service of their country. If the government is right in its contention that the Administrator's determinations with respect to insurance matters under Chapter 19 of Title 38 are unreviewable, then the Administrator is completely free to deny coverage no matter how arbitrary or capricious his decision may be. In cases involving claims for noncontractual veterans' benefits court review has been denied. This is so because the mandate of the legislation is

clear and its validity has been upheld. 38 U.S.C.A. § 211(a); de Rodulfa v. United States, 149 U.S.App.D.C. 154, 461 F.2d 1240 (1972); Milliken v. Gleason, 332 F.2d 122 (1st Cir. 1964), cert. den., 379 U.S. 1002, 85 S.Ct. 723, 13 L.Ed.2d 703 (1965). Where, as here, there is no clear mandate denying review powers, we feel that "the beneficial purposes that Congress had in mind" can best be fulfilled by providing a forum in which arbitrary or capricious action by the Administrator may be overturned. We hold this is what Congress had in mind when it inserted the language here controverted within §§ 785 and 784(a).

The second principle which militates in favor of judicial review involves the Administrative Procedure Act. The Act provides broadly for judicial review on behalf of all those aggrieved by agency action. 5 U.S.C.A. § 702. An exception to this general rule of reviewability is made where a statute specifically precludes judicial review. Thus, 38 U.S.C.A. §§ 211(a) and 785, to the extent that they preclude judicial review, may be properly viewed as exceptions to the general rule. There is a strong presumption that administrative action is subject to judicial review. *See* Rusk v. Cort, 369 U.S. 367, 82 S.Ct. 787, 7 L.Ed.2d 809 (1962); Ng Fung Ho v. White, 259 U.S. 276, 42 S.Ct. 492, 66 L.Ed. 938 (1922); Brotherhood of Railroad Trainmen v. Central of Georgia Railway Co., 415 F.2d 403, 412–414 & n. 20 (5th Cir. 1969); Caulfield v. U. S. Department of Agriculture, 293 F.2d 217, 222 (5th Cir. 1961) (en banc) (Wisdom, J., Tuttle, C. J., and Rives, J., dissenting.) "[O]nly upon a showing of 'clear and convincing evidence' of a contrary legislative intent should the courts restrict access to judicial review." Abbott Laboratories v. Gardner, 387 U.S. 136, 141, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967). *See also* Barlow v. Collins, 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970); Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); National Welfare Rights Organization v. Finch, 139 U.S.App.D.C. 46, 429 F.2d 725 (1970). The statutory language in the instant case appears to explicitly provide for judicial review of the administrative determination here in question. There certainly has been no clear and convincing showing of a legislative intent to preclude review.

Plaintiff's complaint on its face states a cause of action within the jurisdiction of the court as to Count I. Nothing in the record before us supports a determination that the trial court lacks subject matter jurisdiction as to Count I. The order dismissing Count I for want of jurisdiction is reversed. We of course express no opinion concerning the merits of plaintiff's Count I claim.

Since the trial court dismissed Count I, it did not reach the question of whether Counts II and III could be entertained under the doctrine of ancillary jurisdiction. We have serious doubt whether the ancillary jurisdiction doctrine applies to a situation such as presented here. However, since such issue has not been briefed, we believe the issue should initially be considered by the trial court.

Reversed and remanded.