**MIDDLETON v. UNITED STATES.**
No. 11707.

United States Court of Appeals, Sixth Circuit.
May 25, 1953.

McAllister, Circuit Judge, dissented.

Edward G. Hill, Harlan, Ky. (James Sampson and Edward G. Hill, Harlan, Ky., on the brief), for appellant.

Kit C. Elswick, Lexington, Ky. (Claude P. Stephens and Kit C. Elswick, Lexington, Ky., on the brief), for appellee.

Before ALLEN, MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

This appeal, from the dismissal by the district court of an action brought by the father of a deceased insured service man as beneficiary in the certificate of National Service Life Insurance issued by the United States, has been duly considered.

Conceding that the authority of United States v. Patryas, 303 U.S. 341, 58 S.Ct. 551, 82 L.Ed. 883 [see also Van Pelt v. United States, 6 Cir., 134 F.2d 735], forces conclusive presumption that the insured was in sound mental and physical condition when he was inducted into the United States Army, we are of opinion that the complaint was properly dismissed on motion of the defendant below (now appellee) at the conclusion of the plaintiff's evidence for the reason that the record shows that the insured was adjudged as restored to sanity at a hearing before the County Judge of Harlan County, Kentucky, after his discharge from an Army Hospital on February 18, 1946; and that the assured was, there-

fore, not entitled to a waiver of premiums on account of the required showing of continuous total disability. Section 802(n), Title 38, U.S.C.A. The appellant, as beneficiary, had filed an application for waiver of premiums on August 13, 1947, which was denied by the Veterans Administration on May 10, 1950; and no premiums had been paid on the policy by the insured after his discharge from the Army on November 18, 1942.

It is apparent, therefore, that the finding of the district judge that the evidence was insufficient to entitle appellant to waiver of premiums on account of total disability of the insured was not clearly erroneous, but was supported by substantial evidence.

The judgment of the district court is affirmed.

McALLISTER, Circuit Judge (dissenting).

A reading of the undisputed testimony in the record in this case, in my opinion, clearly discloses the continuous total disability of the insured subsequent to September 11, 1942, the date on which the Veterans Administration found that the period of total disability began, and entitled the insured, or his beneficiary in case of his death, to a waiver of payment of premiums. Title 38, U.S.C.A., section 802(n). During this entire period, the insured was confined in one hospital after another because of his mental condition which often required his incarceration in the violent wards of the hospitals, and, when his father, at one time, was able to secure his release from a hospital under custody of officers for return to his home town, his condition necessitated his confinement in a cell in the jail. From time to time, he escaped or was given his freedom—once when his father secured a court order, and when, in some proceeding, the Circuit Court of Harlan County, Kentucky, took action "to restore him to his right mind," but he was thereafter committed again to another hospital and died six months later. The fact that during this entire period from 1942 to 1947, after he came out of one of the hospitals, he worked for about thirty days for a coal company, when he quit in a spell of violence, does not, in my opinion, break the continuity of his total disability, for total disability "within the meaning of the policies of insurance sued on means more than that which is partial, but it does not mean helplessness or complete disability, bedridden or paralyzed. Disability does not cease to be total because of insured's intermittent occupation or business activities". Stephens v. United States, D.C.Ky., 85 F.Supp. 620, 621. In brief, the continuity of insured's insanity was unbroken. The district court may have overlooked consideration of United States v. Patryas, 303 U.S. 341, 58 S.Ct. 551, 82 L.Ed. 883, and Van Pelt v. United States, 6 Cir., 134 F.2d 735, and came to the conclusion that, since the insured's conduct was generally similar to his conduct before entering military service, he had not established that his disability commenced subsequent to the date of his application for insurance. But, in accordance with the above cases, it must be presumed that the insured was in sound health, mentally and physically, when he underwent the physical and mental examinations for war service and was inducted into service. Accordingly, I am of the opinion that the judgment of the district court should be reversed and the case remanded for entry of judgment in favor of appellant.