**MORRIS v. UNITED STATES.**
**Civ. A. No. 394.**

United States District Court
E. D. North Carolina,
New Bern Division.
June 25, 1954.

**156**

Luther Hamilton, Morehead City, N. C., for plaintiff.

Julian T. Gaskill, U. S. Atty., Goldsboro, for defendant.

GILLIAM, District Judge.

Plaintiff's claim for monthly total disability benefits in connection with his National Service Life Insurance policy was denied by the Administrator of Veterans' Affairs, and he brings this action to recover the claimed benefits.

Plaintiff began his tour of duty with the United States Navy in 1936, served throughout World War II and was recalled to active duty in 1946. On December 12, 1950, he applied to the Veterans Administration for a $10,000 National Service Life Insurance policy, with an additional provision for total disability benefits of $50 per month. The application stated that the policy was to become effective January 1, 1951. Plaintiff was examined by a United States Navy physician on December 13, 1950, and apparently found to be in satisfactory health. Plaintiff's application was received by the Veterans Administration and duly processed. Necessary steps were taken to deduct the monthly premiums for the policy, including the total disability income rider, from plaintiff's service pay.

Plaintiff received no further word concerning his application for some time. About January 31, 1951, plaintiff made sick call, complaining of a soreness or "quickness" in his left hip. He received heat treatments for several days, but lost no time from duty. On May 31, 1951, plaintiff was admitted to a Naval hospital with pain in his left hip, right hand and wrist. His condition was diagnosed as arthritis, and it is stipulated that he has been totally disabled since that date.

On September 14, 1951, plaintiff's application was stamped "physically approved" by a Veterans Administration employee. Another official or board of the Administration noted the report of an organic disease on plaintiff's application and wrote for his service medical record.

In December, 1951, plaintiff applied to the Veterans Administration for monthly disability benefits. An Assistant Director of the Veterans Administration wrote to plaintiff on February 11, 1952. His letter made no reference to plaintiff's request for benefits; it informed plaintiff that the National Service Life Insurance policy had been issued, but that since the total disability income provision was to become effective at a date later than the physical examination, it would be necessary for plaintiff to file a certificate of good health as of the effective date, January 1, 1951. Plaintiff complied immediately.

Eventually, the Veterans Administration issued the National Service Life Insurance policy, without the total disability income rider, voided the prior "approval" of the rider, denied plaintiff's application for the disability income provisions and his claim for disability benefits, and refunded the premium payments which were allocable to the rider. Plaintiff thereupon brought this action.

By answer and motion to dismiss the Government challenges the Court's jurisdiction. Suit was brought under Section 617 of the National Service Life Insurance Act of 1940, 38 U.S.C.A. § 817, which authorizes suit "in the event of disagreement as to any claim arising under the Act", such suit to be subject to the same conditions and limitations applicable to United States Government

life insurance under 38 U.S.C.A. § 445. 38 U.S.C.A. § 445 provides:

"In the event of disagreement as to claim, including claim for refund of premiums, under a contract of insurance between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the United States District Court for the District of Columbia or in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is conferred upon such courts to hear and determine all such controversies. * * * The term 'claim', as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits, and the term 'disagreement' means a denial of the claim by the Administrator of Veterans' Affairs or someone acting in his name on an appeal to the Administrator. * * *"

It is not disputed that plaintiff filed with the Administrator of Veterans' Affairs a writing claiming insurance benefits and that such "claim" was denied by the Administrator, resulting in a "disagreement", but a serious question is raised whether the claim was "under a contract of insurance" between the Veterans Administration and plaintiff. The Veterans Administration issued a National Service Life Insurance policy to plaintiff, but without the total disability income provisions. In essence, plaintiff's claim is that the Veterans Administration should have added these provisions, and that its failure to do so does not exclude them from the contract of insurance, since under the facts the provisions became part of the contract by operation of law.

Plaintiff points to the National Service Life Insurance Act amendment, 38 U.S.C.A. § 802(v)(1), which directs the Administrator to include the disability income provisions in any National Service Life Insurance policy when certain conditions are met. He contends that these conditions were met in his case, the disability income provisions thus became effective as a part of his policy and the jurisdictional requisite of a disagreement as to a claim under a contract of insurance is present. Cf. Skovgaard v. United States, 92 U.S.App.D.C. 70, 202 F.2d 363, 364.

Basically, this case is analogous to those involving Veterans Administration denial of an original application for insurance or an application for reinstatement of a lapsed policy. The question of jurisdiction to decide such cases has produced a clear split of authority.

Meadows v. United States, 281 U.S. 271, 50 S.Ct. 279, 74 L.Ed. 852, held that 38 U.S.C.A. § 445, gave the district courts no jurisdiction to review the refusal of the Veterans' Bureau to reinstate a war risk insurance policy. The Court stated that any rights to reinstatement flowed from the statute, not the insurance policy, and the suit was not on a claim under a contract of insurance. The finality of the Director's decision, unless within the terms of Section 445, was emphasized. Meadows v. United States has been followed in other reinstatement cases, Taft v. United States, 127 F.2d 876; United States v. Fitch, 10 Cir., 185 F.2d 471; Ginelli v. United States, D.C., 94 F.Supp. 874; Mitchell v. United States, D.C., 111 F.Supp. 104; Rowan v. United States, D.C., 115 F.Supp. 503; and in original application cases, Skovgaard v. United States, 92 U.S.App.D.C. 70, 202 F.2d 363, certiorari denied, 1953, 345 U.S. 994, 73 S.Ct. 1134, 97 L.Ed. 1401; Schilling v. United States, D.C., 101 F.Supp. 525.

The two courts which have accepted jurisdiction of reinstatement suits have relied on the 1946 amendments to Sections 817 and 808, Title 38 U.S.C.A., in which Congress restricted the finality of the Administrator's decisions and enlarged the scope of judicial review. Unger v. United States, D.C., 79 F.Supp.

281; Fitzgerald v. United States, D.C., 98 F.Supp. 222. The Court in Unger v. United States quoted Chief Justice Vinson's language in United States v. Zazove, 334 U.S. 602 at page 611, 68 S.Ct. 1284, 92 L.Ed. 1601, in support of its interpretation of the effect of the 1946 amendments.

Specific statutory provisions were relied on to establish jurisdiction in two cases: United States v. Roberts, 5 Cir., 192 F.2d 893; Gamez v. United States, D.C., 95 F.Supp. 656. 38 U.S.C.A. § 802(r), involved in United States v. Roberts [192 F.2d 895], says that on certain conditions the insurance " 'shall be deemed to be in force'." 38 U.S.C.A. § 802(c)(3), applied in Gamez v. United States [95 F.Supp. 659], provides that under specified circumstances the applicant "shall be deemed to have applied for and to have been granted such insurance".

In some cases the jurisdictional question apparently was not raised, but the decision of the Veterans Administration was affirmed on the facts. United States v. Holley, 5 Cir., 199 F.2d 575; James v. United States, D.C., 89 F.Supp. 330, affirmed, 4 Cir., 1950, 185 F.2d 115, 22 A.L.R.2d 830; Colizza v. United States, D.C., 101 F.Supp. 695.

The only case I have found dealing directly with the disability income rider is Birge v. United States, D.C., 111 F. Supp. 685. There the Court held that the action was in effect one to compel issuance of the rider and there was no jurisdiction under Section 817. The Court further declared that in any event plaintiff could not win on the merits.

The question raised by these cases is a serious one. If the refusal of the Veterans Administration to issue or reinstate a National Service Life Insurance policy is wrongful, is there no judicial review? The statute and regulations prescribe the conditions under which policies are to be issued, and if those conditions are met, the serviceman or veteran is entitled to the policy as a matter of law. The Veterans Administration is not like a private insurer, which may issue or decline to issue policies in its absolute discretion. If the Administrator's decision is subject to court review, as is apparently intended by 38 U.S.C.A. § 808, is the proper procedure an action against the Administrator in the District of Columbia? This course has been suggested, Taft v. United States, supra, Mitchell v. United States, supra; but it is hardly a practical remedy in these insurance cases, which arise in all parts of the United States and involve limited sums of money.

█ It has been said that a policy of liberal interpretation of the war risk insurance laws should be followed, Simmons v. United States, 4 Cir., 1940, 110 F.2d 296, 298, and, in my opinion, Congress intended that the jurisdiction of the district courts under Section 817 should be broad enough to cover all claims arising under the Act, including claims for benefits under insurance policies alleged to be in force by operation of law.

█ Even though jurisdiction exists to consider this type of case, the Court is not warranted in lightly setting aside the decision of the Administrator, to whom Congress has entrusted the administration of the entire insurance program. The decision of the Administrator should not be disturbed unless it is clearly shown to be arbitrary or capricious, not supported by substantial evidence, or based on an error of law.

█ The Government contends that "proof of good health satisfactory to the Administrator" under 38 U.S.C.A. § 802 (v)(1), leaves the question completely in the discretion of the Administrator. On the other hand, plaintiff contends that the Court should try the issue of good health de novo. The correct rule of review, I believe, lies between the two extremes, and places on plaintiff the burden of proving the administrative decision unlawful on one of the above-mentioned grounds.

As noted previously, plaintiff asserts a right to the disability income provisions under 38 U.S.C.A. § 802(v)(1). This section provides:

"The Administrator is authorized and directed, upon application by the insured and proof of good health satisfactory to the Administrator and payment of such extra premium as the Administrator shall prescribe, to include in any national service life-insurance policy on the life of the insured provisions whereby an insured who is shown to have become totally disabled for a period of six consecutive months or more commencing after the date of such application and before attaining the age of sixty and while the payment of any premium is not in default, shall be paid monthly disability benefits * * *."

■ Plaintiff made the required application and paid the premiums, but defendant denies that he furnished proof of good health satisfactory to the Administrator. Good health is defined by the Administrator's regulations as follows:

"Definition of 'good health'. The words 'good health' when used in connection with insurance, mean that the applicant is, from clinical or other evidence, free from disease, injury, abnormality, infirmity, or residual of disease or injury to a degree that would tend to weaken or impair the normal functions of the mind or body or to shorten life. * * *" 38 C.F.R., Section 8.1.

The Administrator found from plaintiff's application, physical examination, service medical records and comparative health statements, that plaintiff was not free from disease or infirmity, within the above definition, that instead, on January 1, 1951, plaintiff was suffering from the arthritis which disabled him completely on May 31, 1951. This finding, although contested by plaintiff, is supported by substantial evidence and is therefore binding on this Court. Plaintiff has not met the statutory requirements for issuance of the disability income rider, and without the rider his claim for benefits fails.

■■ Plaintiff makes two other contentions. First, he says that the Veterans Administration approved his application for the disability income rider, as evidenced by the "physically approved" stamp and the acceptance of premiums. It is clear, however, that neither a tentative approval nor acceptance of premiums binds or estops the Veterans Administration, an agency of the United States Government. James v. United States, 4 Cir., 1950, 185 F.2d 115. Second, plaintiff cites 38 U.S.C.A. § 802(w), which provides that all insurance policies shall be incontestable from date of issue, except for certain defenses not material here. This statute is of no assistance to plaintiff since it only applies to an existing policy or rider, and here no disability rider was issued and none arose by operation of law.

■ But, putting aside the more or less close question of whether the Court does have jurisdiction under the Act, I must find against plaintiff on the merits. Necessarily, considerable discretion is vested in the Administrator, and, under Section 802(v)(5), the plaintiff was not entitled to have the rider providing for payment of disability benefits issued to him unless he furnished "proof of good health satisfactory to the Administrator". The proof was not satisfactory to the Administrator and the application was denied. As written by District Judge Wallace in Birge v. United States, D.C., 111 F.Supp. 685, 690: "A certain presumption exists that the administrative officer went into the question thoroughly and in good faith to determine whether or not the plaintiff qualified for this added insurance. This court in reviewing such a decision cannot in effect reweigh the evidence, trying this issue de novo."

Judgment for defendant, with costs, will be entered.