**MINOT FEDERAL SAVINGS & LOAN ASSOCIATION, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 948.**

United States District Court,
D. North Dakota,
Northwestern Division.

April 7, 1970.

Robert W. Palda, Palda, Palda, Peterson, Anderson & Tosett, Minot, N. D., John C. Johanneson and Maun, Hazel, Green, Hayes, Simon & Aretz, St. Paul, Minn., for plaintiff.

Harold O. Bullis, U. S. Atty., Fargo, N. D., Darrell D. Hallett, Trial Atty., Tax Division, Dept. of Justice, Washington, D. C., Johnnie M. Walters, Asst. Atty. Gen., Jerome Fink, Darrell D. Hallett, Attys., Dept. of Justice, Washington, D. C., for defendant.

MEMORANDUM AND ORDER

REGISTER, Chief Judge.

This is an action for a refund of federal income taxes for the Plaintiff's taxable calendar year 1963. Jurisdiction of

this Court is based on Section 1346(a) (1) of Title 28, U.S.C.A.

Plaintiff contends that in its income tax return for that taxable year, it erroneously failed to claim the investment credit on certain movable partitions which it contends constitute tangible personal property for the purpose of investment credit provisions of the Internal Revenue Code of 1954, as amended.

Plaintiff thereafter duly filed a claim for refund for the tax paid thereon, which claim was rejected.

The question here involved is: Did the investment of the Plaintiff in movable partitions in the sum of $84,100 during 1963 constitute a purchase of property subject to the investment credit?

Stated in different words, the question is: Did the movable partitions constitute structural components of the building in which these were used within the meaning of Section 48 of the Internal Revenue Code of 1954?

The type of property to which the investment credit applies is denominated as "Section 38. Property" and is defined in Section 48 of the Internal Revenue Code, 26 U.S.C.A.

■ Plaintiff contends that the movable partitions constitute tangible personal property for the purpose of Section 48(a) (1) (A), 26 U.S.C.A., and that the investment credit is allowable. Defendant contends that the partitions in question constitute structural components of a building within the meaning of the Internal Revenue Code and do not qualify for such investment credit.

In C.F.R., Title 26, Section 1.48–1(e) (1), (2), we find the definition of building and structural components.

It would seem that the heart of the question is whether these removable partitions come within the term "structural components" of a building as that term is defined in C.F.R., Title 26, Section 1.48–1(e) (2). The quantity of such partitions or number of such partitions and door units used from time to time in a building is not permanent, but varies and depends upon the requirements of the presently existing tenants and, perhaps, with terms of the rental agreement. The partitions can be changed and moved without injury to the building, to vary the shape and size of the areas enclosed thereby. It is conceivable, as a practical matter, that a large quantity of such partition units would be in use while one floor of the building were rented to some tenants, and that all would be removed to meet the desires and requirements of a subsequent tenant —resulting in the sale of the partitions by the owner, or storage thereof during that rental period. From a practical standpoint, therefore, the degree of permanency would vary, depending upon the changing requirements of the respective tenants, the terms of rental contracts, and the needs and desires of the owners of the building.

Certainly these removable partitions are tangible personal property within the ordinary meaning and generally recognized definition of that term. According to the evidence, these partitions were manufactured by the Hauserman Company in an assembly-line process; they can be bought to be installed in almost any type of building; customers move them from place to place; there is an extensive market in used partitions; the manufacturer lists them as "stock items"; they are not load-bearing when installed; they are not integral parts of the physical structure; and they continue to possess the qualities of movability and reusability.

In the Court's opinion, a careful consideration of the wording of the applicable statute supports the Plaintiff's position. We find the definition of "building" within the meaning of the Act, in 26 C.F.R., Section 1.48–1(e) (1). Subsection (e) (2) specifies what is included in the term "Structural components" *thereof*—that is, of a building. The first sentence of this subsection is quoted as follows:

"(2) The term 'structural components' includes such parts of a building as walls, partitions, floors, and ceilings, as well as any permanent coverings

therefor such as paneling or tiling; windows and doors; all components (whether in, on, or adjacent to the building) of a central air conditioning or heating system, including motors, compressors, pipes and ducts; plumbing and plumbing fixtures, such as sinks and bathtubs; electric wiring and lighting fixtures; chimneys; stairs, escalators, and elevators, including all components thereof; sprinkler systems; fire escapes; and other components relating to the operation or maintenance of a building."

Thus the Regulation states specifically that said term "includes such parts *of a building* as walls, partitions, floors, and ceilings, as well as any permanent covering therefor such as paneling or tiling * * *." The "walls, partitions, floors and ceilings" referred to are clearly meant to refer to those which are permanent—"parts of the building." Thereafter the Regulation refers specifically to certain items which may not commonly be considered a physical part of the structure—such as plumbing fixtures, escalators and elevators, and sprinkler systems, among others. The Regulation also includes, without specifically detailed nomenclature, "all components" of some of these items—for instance, all components of "stairs, escalators and elevators." The various phrases are separated by semicolons. The Regulation quoted then states, as being included in the term "structural components," "and other components relating to the operation or maintenance of a building." The words "and other components" in this phrase, in the Court's opinion, refer to the term in said subsection being defined for the purpose of the Act— *"Structural Components"*—*"parts of a building."* Certainly the words used cannot be deemed to include everything— each item of personal property—that may relate to the operation of maintenance of the building, but only embrace previously unnamed "structural components" *of a building.*

It would seem that Subsection (e) (1) supports this view of the Court as to the proper interpretation of the phrase here being considered, as it states specifically that "Buildings and *structural components thereof* do not qualify as Section 38 property."

In the Court's opinion, the Plaintiff's position and the Court's interpretation of the Regulation are buttressed by Rev. Rul. 67–349, in which the Commissioner ruled that wall-to-wall carpeting installed in the manner therein stated was not a "structural component" within the meaning of the regulations. It is the Court's understanding that the Commissioner, in that ruling, held that such carpeting was not an integral part of the floor itself and was not a permanent covering for the floor. It seems obvious that the Commissioner was of the opinion that such carpeting was neither "a permanent covering" of the floors of the building, within the meaning of the first phrase of said Subsection (e) (2), nor embraced within the phrase "and other components relating to the operation or maintenance of a building" which is the last phrase of the first sentence of said Subsection (e) (2). It would thus seem that the Commissioner does not consider the question of equivalency to be the test. This Court will state frankly that it is unable to reconcile that ruling of the Commissioner with the Defendant's position in this case. It would seem that such wall-to-wall carpeting was installed as a substitute for and an equivalent of some other type of essential and permanent floor finishing or covering— such as tiling. Carpeting is now considered a permanent covering and one of the recognized methods of permanently finishing floors for use. A finished floor, or permanent finished floor covering, is essential for the proper and necessary operation and maintenance of a building. The degree of permanence of such carpeting would doubtless depend largely upon the quality of the carpeting and the nature and extent of its use as an essential part of the floor covered by it. That the intended purpose for the installation of such carpeting was that it be a permanent floor covering

and a substitute for some other covering which would be essential to the effective utilization of the building and its intended use, would seem clear. Bluntly, it seems to the Court that the Defendant's position in this case is inconsistent with and contrary to the principles and rationale of Rev.Rul. 67–349.

At the time of construction, with respect to the portion of the building that is leased by Plaintiff, no permanent floor plan was designed by the architect, and no permanent partitions dividing the various stories into individual offices were constructed or installed. The removable partitions consisted not only of the units constituting the wall system, but also necessary door units designed to fit into the same. It appears to be beyond dispute that the removable partitions here involved were an effective and intended substitute for permanent ones and that they were necessary for the effective utilization of the leased portion of the building for the purposes for which the tenant rented the same.

Rev.Rul. 69–14, 1969–3, Internal Revenue Bul. 8, is an administrative interpretation which holds that movable partitions of the type here involved do not qualify for investment credit because the partitions constitute "structural components." The rationale for that holding, as stated in the ruling, is that the function thereof is to subdivide the working area of an office building and thus serve the same function as do permanent partitions and walls. The Defendant thus emphasizes the functional purpose and effect rather than the physical attachment to the building as being of primary importance. Insofar as the reasoning and arguments of the Defendant herein are concerned, as the basis for its position—including those arguments as to equivalency, degree of permanence, functional purpose in its relation to the operation of the building, and necessity for the effective utilization of the building for the purpose for which it was built—all thereof would seem to be more persuasively applicable to carpeting installed under the factual circumstances stated in Rev.Rel. 67–349, than to the removable partitions here under consideration.

For the reasons stated, the Court is of the opinion that these partitions are not embraced within the term "structual components" of a building within the meaning of the Act, and do qualify as "Section 38 property." Therefore,

It is hereby ordered that the Plaintiff be and hereby is entitled to judgment.

Counsel for the Plaintiff will prepare appropriate form of judgment.