**Cleo Darlene CLARK, Plaintiff,**

v.

**UNITED STATES of America et al., Defendants.**

**No. 72–C–13–CR.**

United States District Court, N. D. Iowa, Cedar Rapids Division.

Aug. 1, 1974.

Richard P. Moore, Cedar Rapids, Iowa, for plaintiff.

Robert L. Sikma, Asst. U. S. Atty., Sioux City, Iowa, for defendants.

## MEMORANDUM OPINION AND ORDER

McMANUS, Chief Judge.

This matter is before the court on plaintiff's complaint, filed March 28, 1972, seeking to establish the right to life insurance proceeds under the National Service Life Insurance (NSLI) Program, 38 U.S.C. §§ 701–725, in particular § 722(b), and for dependent and death gratuity benefits under 38 U.S.C. §§ 341–342 and 10 U.S.C. § 1476, respectively. The court is asked to review a determination by the Veterans' Administration rendered in October, 1970 denying petitioner's application, and a subsequent affirmance of this denial by the Board of Veterans' Appeals on January 18, 1972.

The salient facts are set out in a previous order of dismissal from this court, Clark v. United States, 351 F.Supp. 692 (N.D.Iowa 1972), rev'd 482 F.2d 586 (8th Cir. 1973), and are summarized here. Plaintiff's son, Garth Kevin Goodwin, committed suicide by hanging on June 11, 1970. Garth Goodwin had been undergoing basic training in the United States Navy from his enlistment on May 4, 1970 until his honorable discharge on June 3, 1970.

Plaintiff filed claims with the Veterans' Administration (VA) on July 1, 1970 for proceeds of an NSLI policy, unissued but allegedly payable under 38 U. S.C. § 722(b), and for dependency and indemnity compensation. Plaintiff also filed a claim for Serviceman's Group Life Insurance benefits, for which she was paid $10,000. The other claims were rejected by the VA based upon a finding that the underlying mental incompetency which caused the suicide was not service-connected, whereupon plaintiff instituted this suit seeking the relief outlined above.

Jurisdiction is asserted under 38 U.S.C. §§ 784(a) and 785 for the NSLI claim, and ancillary jurisdiction is sought for the other two claims. On the merits, plaintiff urges the court to overturn the VA determination that her son's death and mental unsoundness were not service-connected.

### Jurisdiction

Jurisdiction to review decisions of the Veterans' Administration relating to veterans' benefits is sharply circumscribed by 38 U.S.C. § 211(a), which provides, in relevant part, that

On and after October 17, 1940, except as provided in sections . . . 784 . . . . the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

Review of administrative decisions concerning insurance programs is specif-

ically limited by 38 U.S.C. § 785, which provides

> Except in the event of suit as provided in section 784 of this title, or other appropriate court proceedings, all decisions rendered by the Administrator under the provisions of this chapter shall be final and conclusive on all questions of law or fact, and no other official of the. United States shall have jurisdiction to review any such decisions.

In reversing a previous order from this court dismissing the action for lack of jurisdiction, the Court of Appeals for the Eighth Circuit adopted the minority view [1] that asserting a right to proceeds from an unissued policy is within the purview of a "claim . . . under contract of National Service Life Insurance," 38 U.S.C. § 784(a),[2] and thus judicial review is not proscribed by 38 U.S.C. §§ 211(a) and 785. Clark v. United States, 482 F.2d 586, 589 (8th Cir. 1973), rev'g 351 F.Supp. 692 (N.D.Iowa 1972). The appellate court alternatively held that challenges to insurance decisions, such as the instant case, are "other appropriate court proceedings" which Congress intended to serve as a means for judicial review of administrative determinations. 482 F.2d at 589. Therefore, this court has jurisdiction to review the VA determination that plaintiff's son was not mentally incompetent from a service-connected disability, this determination being a prerequisite to establishing plaintiff's right to the proceeds of a NSLI policy under 38 U.S.C. § 722(b).

Plaintiff's other claims, however, stand on a different footing. Independent jurisdiction to review administrative decisions regarding benefits under 38 U.S.C. §§ 341–342 and 10 U.S.C. § 1476 is lacking. 351 F.Supp. at 695–696. Plaintiff would have this court exercise ancillary jurisdiction over these claims, arguing that the operative facts establishing service-connection are identical with those in the NSLI claim. Plaintiff's reliance on the doctrine of ancillary jurisdiction is misplaced for the fundamental basis set out below.

Ancillary jurisdiction enables a district court, in conjunction with a matter properly before it, to hear and determine other matters raised by the case of which the court would not have independent jurisdiction. Wright and Miller, 7A Federal Prac. and Proc. 587–589 (1972). The concept allows the court to act on "considerations of judicial economy and. fairness" to decide an entire controversy and avoid the evils of piecemeal litigation. Consolo v. Federal Maritime Comm'n, 383 U.S. 607, 617 n. 14, 86 S.Ct. 1018, 1025, 16 L.Ed.2d 131 (1966); Iowa v. Union Asphalt & Roadoils, Inc., 409 F.2d 1239 (8th Cir. 1969); "Ancillary Jurisdiction of Federal Courts of Persons Whose Interest May Be Impaired If Not Joined," 62 F. R.D. 483, 486 (1974).

However, ancillary jurisdiction only enables the court to hear related matters which are judicially cognizable in the first instance. Thus a defendant can implead a third party without an independent basis for federal jurisdiction if a substantive right to relief exists against the third party on the same core of facts which constitute plaintiff's claim against the defendant. Dery v. Wyer, 265 F.2d 804, 807 (2nd

---

1. Compare Maxwell v. United States, 313 F. Supp. 295 (N.D.Cal.1970), with Morris v. United States, 122 F.Supp. 155 (E.D.N.C. 1954).

2. 38 U.S.C. § 784(a) provides: "In the event of disagreement as to claim . . . under contract of National Service Life Insurance . . . between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the United States District Court for the District of Columbia or in the district court of the United States in and for the district in which such person or any one of them resides, and jurisdiction is conferred upon such courts to hear and determine all such controversies. . . ."

Cir. 1959); 3 Moore's Federal Practice ¶ 14.26 (1974).

Plaintiff in the present case urges review of otherwise statutorily non-reviewable administrative decisions under the guise of ancillary jurisdiction. This is not a case where jurisdiction is extended to determine an entire matter which the limited jurisdiction of federal courts might otherwise cause to be decided piecemeal in several courts. Here judicial review is affirmatively denied in any court by statute. 38 U.S.C. § 211(a). This court agrees with the doubts expressed by the Eighth Circuit that ancillary jurisdiction does not afford a basis for judicial review of the claims asserted under 38 U.S.C. §§ 341–342 and 10 U.S.C. § 1476 [3] Clark v. United States, *supra* at 590.

### Scope of Review

The Standard of review to be applied is prescribed by the Administrative Procedure Act, 5 U.S.C. § 706. In a previous unpublished order issued March 31, 1974, this court limited the evidence to the administrative record and noted that prior cases reviewing determinations by the VA on the basis of a record relating to NSLI have applied the "substantial evidence" test set out in 5 U.S.C. § 706(2)(E). Di Silvestro v. United States, 405 F.2d 150, 155 (2nd Cir. 1968); Salyers v. United States, 326 F.2d 623, 626 (5th Cir. 1964); Morris v. United States, 122 F.Supp. 155, 158 (E.

D.N.C.1954). Accordingly, the VA decision will be set aside if unsupported by substantial evidence in the record as a whole.

### Review of the VA Decision

In order to qualify for NSLI under 38 U.S.C. § 722(b), plaintiff must establish that her son met the relevant prerequisites set out in the statute.[4] Included is a requirement that evidence satisfactory to the Administrator show that the veteran was mentally incompetent from a service-connected disability at the time of release from active duty or within one year after the VA has determined a disability to be service-connected. The VA denied plaintiff's claim for NSLI benefits based on a finding that no mental incompetency from a service-connected disability had been established. It is the court's view that this determination is not supported by substantial evidence in the whole record for the following reasons.

In considering the propriety of judicial review for VA decisions relating to NSLI, the Court of Appeals for the Eighth Circuit declared: "The salutory [sic] humanitarian purpose here is to provide insurance protection for veterans who have failed to apply due to mental incompetency incurred in the service of their country." Clark v. United States, *supra* at 589. Statutory provisions governing insurance programs for veterans are to be interpreted and

---

3. While it may seem anomalous that a determination of "service-connection" on a given set of facts by the VA can be judicially reviewed for NSLI but not for dependent compensation under 38 U.S.C. § 341 or death gratuity under 10 U.S.C. § 1476, each of these statutes serves a different purpose in compensating survivors of veterans, and each requires a distinct set of findings before compensation is granted. Congress recognized the different nature of survivor's rights to proceeds of an insurance contract from their rights to statutory gratuities in 1946 when it broadened the range of judicial review under 38 U.S.C. § 785. Salyers v. United States, 326 F.2d 623, 625 (5th Cir. 1964); *see* Taylor v. Roberts, 307 F.2d 776 (10th Cir. 1962).

4. In addition to establishing mental incompetency from a service-connected disability, 38 U.S.C. § 722(b) requires the veteran

(1) to be otherwise qualified under § 722(a) for NSLI, but did not apply for the insurance;

(2) to have remained so mentally incompetent until date of death;

(3) to have died before the appointment of a guardian, or within one year after the appointment thereof.

No finding was made as to these requirements because the claim was disallowed for failure to demonstrate a service-connected mental incompetency.

administered liberally to effectuate the beneficial purposes intended by Congress. United States v. Zazove, 334 U.S. 602, 610, 68 S.Ct. 1284, 92 L.Ed. 1601 (1948). Pursuant to these principles, the VA regulations governing the adjudication of pension and compensation claims provide that any reasonable doubt should be resolved in favor of finding a service-connection for mental unsoundness which resulted in suicide. 38 CFR § 3.302(c)(2) (1973).

■ The record from the VA discloses no actual suicidal tendencies before entrance into the armed services. Furthermore, a veteran is presumed to be of sound condition when entering military service. 38 CFR § 3.304(b) (1973); Middleton v. United States, 204 F.2d 646, 647 (6th Cir. 1953). Suicide is presumed to result from mental unsoundness where no adequate motive is shown. 38 CFR § 3.302(b)(2) (1973). The record indicates that the VA considered no adequate motive to have been demonstrated.[5] Therefore, the question to be resolved is whether the underlying mental unsoundness which precipitated the suicide of plaintiff's son eight days after his discharge was service-connected. 38 CFR § 3.302(a)(3) (1973).

■ While the court is not to try the issues *de novo* when reviewing an agency determination, substantial evidence is such relevant evidence as a reasonable man might accept to support a conclusion. Easttam v. Secretary of Health, Ed. and Welfare, 364 F.2d 509, 511 (8th Cir. 1966); Quality Carriers, Inc. v. United States, 289 F.Supp. 809 (E.D.Wis.1968). A trace of evidence is not sufficient. Garrett v. Richardson, 471 F.2d 598, 604 (8th Cir. 1972).

Here the record discloses evidence that plaintiff's son, a slow learner with a history of some difficulty in adjusting to society, placed high hopes on achieving a satisfactory career of undeter-

mined duration in the United States Navy. The rigors of training camp and the disappointment upon discharge were dwelt upon by the deceased veteran after his separation and prior to his suicidal act. Given these facts, and an obligation to resolve any reasonable doubts in favor of service-connection, the failure of the Veterans' Administration to so find was not supported by substantial evidence.

It is therefore

Ordered

That this case is remanded to the Veterans' Administration for further findings not inconsistent with this opinion.

---

5. In a request for an advisory opinion directed to the central office of the VA in Washington, D. C., dated September 9, 1970, the VA center in Des Moines stated that they concluded no rational motive for the suicide existed.