HERITAGE PULLMAN BANK AND TRUST COMPANY, as Conservator of the Estate of Melvin C. Cartwright, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 78–4704.

United States District Court, N. D. Illinois, E. D.

Sept. 13, 1979.

Michael E. Renaldi, Gannon, Oosterbaam & Kennedy, Blue Island, Ill., for plaintiff.

Linda Wawzenski, Asst. U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

MAROVITZ, Senior District Judge.

### Motion to Dismiss

Plaintiff Heritage Pullman Bank and Trust Company, as conservator of the estate of Melvin C. Cartwright, brings this action against the United States of America under the National Service Life Insurance Act of 1940, as amended, 38 U.S.C. §§ 701, et seq. Plaintiff alleges, inter alia, that defendant wrongfully denied plaintiff $10,000 in insurance benefits upon Cartwright's death. Plaintiff seeks an order reinstating National Service Life Insurance ("NSLI") Policy Number RS 1827–53–86 and $10,000 in damages.

Jurisdiction is purportedly invoked pursuant to 38 U.S.C. §§ 784(a) and 785, and 5 U.S.C. § 702. Pending before the Court is defendant's alternate motions to dismiss for failure to state a claim upon which relief can be granted or for want of subject matter jurisdiction. Rules 12(b)(6) and (1), Fed. R.Civ.P., respectively. For the reasons set forth below, defendant's motion to dismiss for want of subject matter jurisdiction is granted.

On April 1, 1956, a 5-year renewable NSLI Policy, No. RS 1827–53–86, in the face amount of $10,000, was granted to Melvin C. Cartwright. The policy was granted to the insured without a medical examination, pursuant to Section 621 of the National Service Life Insurance Act of 1940, as amended. The policy, which became effective on April 1, 1956, lapsed for nonpayment of premiums on January 1, 1958. Prior to the lapse of the policy, plaintiff was appointed conservator for the insured's estate.

Cartwright, through his conservator, submitted an Application for Reinstatement, VA Form 9–353, dated March 27, 1958, seeking reinstatement of the policy. In the application, plaintiff explained that Cartwright had been hospitalized continuously from September 14, 1956 to the date of the application. On April 10, 1958, reinstatement was denied. On April 11, 1958, plaintiff was notified of the denial and advised that reinstatement was denied because Cartwright was hospitalized on the date of the application. The Insurance Service again explained the basis for its denial and explained that the disapproval was not due to a delay in submitting the application. That letter also explained why plaintiff's application for a premium waiver because of total disability, filed on November 7, 1957, was denied.

On April 13, 1977, Cartwright died. On August 18, 1978, plaintiff filed a claim for payment of the proceeds of NSLI Policy RS 1827–53–86. On August 30, 1978, the claim was denied. Plaintiff then brought this action.

Defendant raises three arguments in support of its motion to dismiss. Defendant first argues that this Court lacks subject matter jurisdiction under 38 U.S.C. § 784(a) and that 38 U.S.C. § 785 provides no alternate basis for jurisdiction. Second, defendant contends that the six-year statute of limitations under 38 U.S.C. § 784(b) began to run when plaintiff's application for reinstatement was denied, and had thus expired in February 1964. Finally, addressing the merits of plaintiff's claim, defendant argues that the Insurance Service had properly denied Cartwright's application for reinstate-

ment. Because we conclude that this Court lacks subject matter jurisdiction, we do not reach the limitations issue and address the merits of plaintiff's claim only in passing.

Plaintiff contends that this Court can assert jurisdiction either under 38 U.S.C. § 784(a); § 785 or 5 U.S.C. § 702. 38 U.S.C. § 784(a) provides in pertinent part:

> In the event of disagreement as to claim, including claim for refund of premiums, *under contract* of National Service Life Insurance, United States Government life insurance, or yearly renewable term insurance between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the United States District Court for the District of Columbia or in the district court of the United States in and for the district in which *such person or any one of them resides,* and jurisdiction is conferred upon such courts to hear and determine such controversies. . . . (emphasis added)

Plaintiff argues that this action involves a claim under contract with the NSLI, despite the fact that plaintiff alleges that the insurance policy had lapsed and was never reinstated. Relying on *Clark v. United States,* 482 F.2d 586 (8th Cir. 1973); *Morris v. United States,* 122 F.Supp. 155 (E.D.N.C. 1954) and their progeny, plaintiff contends that because reinstatement was unlawfully denied, a contract is in force through operation of law. We find plaintiff's reliance on the acknowledged minority line of cases upholding jurisdiction in the absence of an actual contract to be misplaced.

Neither *Clark* nor *Morris,* nor any other case which this Court has discovered that had granted jurisdiction under § 784(a) without an active contract, involved the reinstatement of a policy which had been allowed to lapse. Indeed, every case, with the exception of *Lufkin v. United States,* 168 F.Supp. 451 (D.N.H.1958) (disagreement was whether the policy had, in fact, lapsed), held that § 784(a) does not bestow a court with jurisdiction to review a claim where reinstatement of the insurance policy had

been denied. See, *Meadows v. United States,* 281 U.S. 271, 50 S.Ct. 279, 74 L.Ed. 852 (1930); *Taft v. United States,* 127 F.2d 876 (2d Cir. 1942); *Rowan v. United States,* 115 F.Supp. 503 (D.Pa.1953), aff'd, 211 F.2d 237 (3rd Cir. 1954); *Skovgaard v. United States,* 92 U.S.App.D.C. 70, 202 F.2d 363 (D.C. Cir. 1953), *cert. denied,* 345 U.S. 994, 73 S.Ct. 1134, 97 L.Ed. 1401, *reh. denied,* 346 U.S. 842, 74 S.Ct. 15, 98 L.Ed. 362. See generally, W. Harrington, "What Constitutes Claim 'Under Contract' of Veterans' or Servicemen's Insurance Within Meaning of 38 U.S.C. § 784(a), Etc.," 32 A.L.R.Fed. 784, 799–804 (1977), and cases cited therein. One commentator explains the difference in outcome between cases involving reinstatement under § 784(a) and other kinds of § 784(a) cases in which jurisdiction was upheld despite the lack of a contract:

> With respect to the differing views expressed by the courts in the cases herein, it may be noted that the point has been made or conceded that the Veterans' Administration is not like a private insurer which may issue or decline to issue policies in its absolute discretion and that where a pertinent statute prescribes the conditions under which certain policies, especially disability policies, are to be issued, the serviceman or veteran, on compliance with such conditions, is said to be entitled to the policy (thus, a contract) as a matter of law. In such instances, there would appear to be no compelling reason why jurisdiction under 38 U.S.C. § 784(a) should be denied if full compliance by the claimant is shown. In the absence of such a statute, on the other hand, there seems to be no logical basis, given the language of § 784(a), for objection to the view denying jurisdiction where no policy had ever been issued to the serviceman or veteran *or, as in Meadows v. United States, where a policy, once in force and existence, had been allowed to lapse. . . .* " (Citations omitted). 32 A.L.R. Fed., at 788–89 (emphasis added).

In light of the clear statutory language, we hold that this Court cannot assert subject matter jurisdiction under 38 U.S.C. § 784(a).

Plaintiff argues, however, that if this Court lacks jurisdiction under § 784(a), 38 U.S.C. § 785 provides an alternate basis for jurisdiction. See, e. g., Clark v. United States, supra; Unger v. United States, 79 F.Supp. 281 (E.D.Ill.1948).

38 U.S.C. § 785 provides:

Except in the event of suit as provided in section 784 of this title, *or other appropriate court proceedings,* all decisions rendered by the Administrator under the provisions of this chapter shall be final and conclusive on all questions of law or fact, and no other official of the United States shall have jurisdiction to review any such decision. (Emphasis added).

The case relied upon by plaintiff, representing the minority view, have construed the phrase "or other appropriate court proceedings" to grant jurisdiction to federal courts to review NSLI claims that are not claims under contract. See, e. g., Salyers v. United States, 326 F.2d 623, 625–26 (5th Cir. 1964). That line of cases rests heavily upon dictum from United States v. Zazove, 334 U.S. 602, 611–612, 68 S.Ct. 1284, 1288, 92 L.Ed. 1601 (1948), in which the Supreme Court noted that the language was added in 1946 "to eliminate the finality of the decisions of the Administrator on insurance matters."

That line of cases, however, has been severely questioned in more recent decisions where courts have found that the Zazove dictum had been too broadly interpreted in light of the legislative history behind § 785. See, e. g., McClendon v. United States, 327 F.Supp. 704 (W.D.Okl.1971); Maxwell v. United States, 313 F.Supp. 245 (N.D.Cal. 1970), and cases cited therein.

The court in McKay v. United States, 286 F.Supp. 1003 (S.D.Tex.1968), analyzed the legislative history of § 785 and concluded that, in view of clear language from a senate committee report, judicial review is extended only in cases where there is a disagreement as to a right under contract. See, Senate Report No. 1705, 79th Cong., 2d Sess., U.S.Code Cong.Serv., pp. 1394, 1402 (1946). More persuasive, however, is the McKay court's conclusion

that the 1946 amendment to § 785 "does not provide the necessary specific consent by the United States to permit suit to be brought against it." McKay v. United States, supra, quoting Mitchell v. United States, 111 F.Supp. 104, 107 (D.N.J.1952). It is well settled that a statute must clearly waive sovereign immunity to operate as a waiver. Cf., St. Louis University v. Blue Cross Hospital Service, Inc., of St. Louis, 393 F.Supp. 367 (D.Mo.1975), aff'd in part, mod. in part on other grounds, 537 F.2d 283 (8th Cir. 1976), cert. denied, 429 U.S. 977, 97 S.Ct. 484, 50 L.Ed.2d 584 (1976).

We therefore concur with the majority and more recent line of cases holding that 38 U.S.C. § 785 does not operate as a grant of subject matter jurisdiction for NSLI claims which are not claims concerning a right on an insurance contract.

Like 38 U.S.C. § 785, 5 U.S.C. § 702 does not operate as a waiver of sovereign immunity. It is therefore the opinion of this Court that Congress intended 38 U.S.C. § 784(a) to provide the sole route of review of NSLI administrative decisions. In addition, we feel that plaintiff is barred from bringing its action under 5 U.S.C. § 702 by the statute of limitations. 28 U.S.C. § 2401(a) provides a six-year statute of limitations for any civil action commenced against the United States. Had plaintiff's case been a claim under 38 U.S.C. § 784(a), then it is likely that the six-year statute of limitations provided in § 784(b) would not have began to run until Cartwright's death in 1977. See Annotation, "When the Statute of Limitations Begins to Run Against An Action on, or Relating to, National Service Life Insurance Policy," 44 A.L.R.2d 1189 (1955). However, brought under the Administrative Procedure Act, plaintiff's claim must be seen as one to compel the issuance of a policy. Cf., Maxwell v. United States, supra, 313 F.Supp., at 247. Therefore, it is the decision rendered in 1958 denying plaintiff reinstatement of Cartwright's policy that plaintiff attacks under 5 U.S.C. § 702. The limitation period on that claim expired in 1964.

Even if we were to agree with plaintiff that this Court has subject matter jurisdiction over its claim, we feel that plaintiff would have no success on the merits of its claim. The gist of plaintiff's position is that Cartwright met the comparative health requirements specified in 38 C.F.R. § 8.23 (1958) because he was in as good health on the date of his application for reinstatement as he was on the date his policy was originally issued. Plaintiff's position, however, ignores 38 C.F.R. § 8.24 (1958) which requires that "[t]he applicant for reinstatement of National Service Life Insurance, during his lifetime *and before becoming totally disabled,* must submit a written application . . ." (Emphasis added). There is no dispute that Cartwright was totally disabled at the time he submitted his application for reinstatement. In response to the result mandated by § 8.24, plaintiff asks, "[h]ow can the Veterans Administration issue a National Life Insurance Policy to an individual, who is at the time of issuance totally disabled, and then raise such total disability as a bar to that individual's being allowed to reinstate such policy?" Plf. Memo in Opposition, p. 8.

There are at least two answers to plaintiff's query. First, it is well settled that the doctrine of estoppel does not apply against the government as a sovereign. *United States v. Willoughby,* 250 F.2d 524, 531 (9th Cir. 1957); *McDaniel v. United States,* 196 F.2d 291, 294–94 (5th Cir. 1952); *Maxwell v. United States, supra,* 313 F.Supp. at 249 n. 2. The second answer involves the nature of the right to reinstatement. As the Supreme Court stated in *Meadows v. United States, supra,* 281 U.S. at 274, 50 S.Ct. at 280:

> The right to reinstatement, when it exists, flows from the statutory provision and not from any undertaking expressed in the contract of insurance . . . a reinstatement under the provisions of the statute would be not the fulfillment of a contractual obligation, but, in effect the making of a new contract by statutory sanction.

In its Complaint, plaintiff alleges that Cartwright's application was acceptable under 38 C.F.R. § 8.24. Complaint, ¶ 8. Implicit in that allegation is an admission that Cartwright's application for reinstatement must meet the requirements of § 8.24. The regulation was promulgated pursuant to 38 U.S.C. § 808. Therefore, the requirements under § 8.24 flow from statutory sanction. Because the requirements of § 8.24 reflect the intent of Congress, and are not merely provisions of an insurance contract, they are not subject to modification by this Court.

Accordingly, we hold that this Court lacks subject matter jurisdiction over this case. Defendant's motion to dismiss is granted.