**Ellen Rolby YOUNG, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–53.**

United States Court of Veterans Appeals.

Submitted Aug. 2, 1990.

Decided Oct. 25, 1990.

As Amended Aug. 19, 1991.

William P. Chulick, St. Louis, Mo., on the pleadings, for appellant.

Raoul L. Carroll, Gen. Counsel, Andrew J. Mullen, then Acting Asst. Gen. Counsel, and R. Randall Campbell, Washington, D.C., on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Associate Judges.

KRAMER, Associate Judge:

In March of 1988, the appellant, Ellen Rolby Young, filed a claim with the Department of Veterans Affairs (VA) for the proceeds of her former spouse's veterans life insurance policy. Her claim was administratively denied and she subsequently appealed that decision to the Board of Veterans' Appeals (BVA). After the BVA denied her claim on November 3, 1989, Young filed an appeal with this Court. The Secretary of Veterans Affairs (Secretary) moved to dismiss Young's appeal on the grounds that 38 U.S.C. § 784(a) (1988) grants exclusive jurisdiction over veteran's life insurance claim disputes to the United States district courts, and thus precludes this Court from having jurisdiction over Young's appeal. Young responded that this Court does have jurisdiction over her claim, apparently relying on 38 U.S.C. § 4052(a) (1988), which states that the United States Court of Veterans Appeals has "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals." After reviewing 38 U.S.C. §§ 784(a), 4052(a), and the legislative history regarding judicial review of VA determinations in life insurance matters, we hold that this Court has jurisdiction over the appellant's claim and that therefore the Secretary's motion is denied.

■ The appellant's former spouse, George Anthony Rolby, was insured through the National Service Life Insurance program (NSLI), which was set up by Congress to provide life insurance coverage to members of the United States military forces. *See* National Service Life Insurance Act of 1940, 54 Stat. 1008. A comprehensive set of laws governs the VA's administration of the NSLI, 38 U.S.C. §§ 701–788 (1988), including a provision allowing for a *de novo* action in a United States district court in the event of a dispute over a VA decision on an NSLI claim. 38 U.S.C. § 784(a). This provision has been interpreted to be an exclusive grant of jurisdiction over NSLI claims, *See Mara v. United States,* 54 F.2d 397 (2d Cir.1931); *Heritage Pullman Bank & Trust v. United States,* 480 F.Supp. 54 (N.D.Ill.1979), and thus, traditionally, the United States

district courts have been the only avenue for judicial review for contract-based NSLI claims.

In 1988, however, Congress enacted the Veterans' Judicial Review Act, 38 U.S.C. §§ 4051–4092 (1988) (VJRA), which created this Court and gave it the "... exclusive jurisdiction to review decisions of the Board of Veterans' Appeals." 38 U.S.C. 4052(a). Although the word "exclusive" is far from ambiguous, the Explanatory Statement of the Compromise Agreement on H.R. 901 as Amended, the "Veterans Benefit Amendments of 1989," [135 Cong. Rec. S16475–76 (daily ed. Nov. 20, 1989)], resolves any remaining doubt with respect to Congress' intention to grant this Court jurisdiction over BVA decisions regarding life insurance claims. Enacted a year after the passage of § 4052, H.R. 901 was a bill containing various amendments to the veterans' benefits program. In discussing a proposed modification to § 4052 involving the issue with which we are faced here, the House and Senate Committees on Veterans' Affairs stated:

*Current Law:* Section 775 of title 38 provides United States district courts with "original jurisdiction of any civil action or claim against the United States founded upon [subchapter III of chapter 19 of title 38]", which relates to Servicemen's Group Life Insurance and Veterans' Government Life Insurance, and section 784(a) confers jurisdiction on U.S. district courts to "hear and determine" controversies involving National Service Life Insurance or United States Government Life Insurance claims.... However, under section 4052(a) of title 38, the United States Court of Veterans Appeals has exclusive jurisdiction to review decisions of the [BVA]....

*Senate bill:* Section 705(a) would postpone the effective date of the grant of exclusive jurisdiction to the Court of Veterans Appeals with respect to BVA decisions in insurance ... matters by providing that the jurisdiction of the Court to review BVA decisions with respect to a matter covered by sections 775 or 784 ... of title 38 shall not be exclusive in cases in which a notice of disagreement is filed before the end of the 30–day period beginning on the date of enactment.

*House bill:* No provision.

*Compromise Agreement:* No provision.

The committees note that the effect of the Judicial Review Act is that *once the BVA has rendered a decision on a claim—including claims relating to insurance ...—the claimant may not obtain review of that decision in a court other than the Court of Veterans Appeals.* However, it is the committees' understanding that under current law, prior to a final decision by the BVA in an insurance or home loan case, a claimant would be able to withdraw the case from the BVA and pursue the claim in a U.S. district court.

135 Cong.Rec. S16475–76 (daily ed. Nov. 20, 1989) (emphasis added).

Congress then has created a system where a claimant who is dissatisfied with a VA determination in an insurance claim has two possible courses of action. First, the claimant, pursuant to 38 U.S.C. §§ 775 or 784(a), can go to a United States district court and bring suit on the claim. Second, the claimant can appeal to the BVA, and, if dissatisfied with the BVA decision, can appeal that decision to this Court pursuant to § 4052(a).

In light of both the language of § 4052(a) and the legislative history accompanying the 1989 amendments, the VA's arguments do not convince us that this Court does not have jurisdiction over the appellant's appeal. The VA's reliance on the approach found in *Rodriguez v. United States*, 480 U.S. 522, 107 S.Ct. 1391, 94 L.Ed.2d 533 (1987), and *Morton v. Mancari*, 417 U.S. 535, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974), is misplaced. While it is true that implicit repeals of legislation are disfavored, "and will not be found unless an intent to repeal is 'clear and manifest,'" *Rodriguez*, 480 U.S. at 523, 107 S.Ct. at 1392, citing *United States v. Borden Co.*, 308 U.S. 188, 60 S.Ct. 182, 84 L.Ed. 181 (1939), the use of the wording "exclusive jurisdiction" in § 4052(a) cou-

pled with the Explanatory Statement to H.R. 901 show that the congressional intent is "clear and manifest" that this Court is to have jurisdiction over BVA decisions on NSLI matters. As this Court has no power to consider the wisdom of the system that Congress has created, the VA's policy arguments supporting another system of review are irrelevant. *Mobil Oil Corp. v. Higginbotham,* 436 U.S. 618, 625–626, 98 S.Ct. 2010, 2015, 56 L.Ed.2d 581 (1978) (Federal courts "have no authority to substitute [their] views for those expressed by Congress in a duly enacted statute.")

Therefore, for the reasons stated above, the Court holds that it has jurisdiction over this appeal under 38 U.S.C. § 4052. The appellee's motion to dismiss for lack of subject matter jurisdiction is denied, and the Secretary is ordered to designate the record in this case in accordance with Interim General Rule 10.